UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
: 
UNITED STATES OF AMERICA : **FINAL ORDER OF FORFEITURE**
:
-v.- : S4 15 Cr. 627 (ER)
:
AMIR MEIRI, :
:
Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about April 16, 2018, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Properties (the "Preliminary Order of Forfeiture") (D.E. 292), which ordered the forfeiture to the United States of all right, title and interest of AMIR MEIRI (the "Defendant") in, among other things, the following property:

i. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 1586 Eastern Parkway, Brooklyn, NY 11233 (the "1586 Eastern Property");

ii. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 127 Herkimer Street, Brooklyn, NY 11216 (the "Herkimer Property");

iii. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 101 Rogers Ave, Brooklyn, NY 11216 (the "Rogers Property");

iv. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 966 East 49th Street, Brooklyn, NY 11203 (the "East 49th Property");

v. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 11 Cooper Street, Brooklyn NY 11207 (the "Cooper Property");

  vi. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 329 Beach 45th Street, Far Rockaway, NY 11691 (the "329 Beach Property");

(collectively, the "Specific Property");

  WHEREAS, on or about April 16, 2018, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Herzel Meiri Preliminary Order of Forfeiture") (D.E. 293), which ordered the forfeiture to the United States of all right, title and interest of HERZEL MEIRI in, among other things, the Specific Property;

  WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

  WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

  WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site ([www.forfeiture.gov](www.forfeiture.gov))

beginning on May 3, 2018 for thirty (30) consecutive days, through June 1, 2018, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on May 30, 2019 (D.E. 574);

WHEREAS, between September 26, 2018 and November 30, 2018, notice of the Preliminary Order of Forfeiture was sent by certified mail, return receipt requested, to:

i. 101 Rogers Ave LLC, 101 Rogers Ave, Brooklyn, NY 11216;
ii. 127 Herkimer St, LLC, 127 Herkimer Street, Brooklyn, NY 11216;
iii. Aames Funding Corporation DBA Aames Home Loan, 350 South Grand Ave, 42nd Fl, Los Angeles, CA 90071;
iv. Joseph Altman, Esq., 951 Bruckner Blvd, Bronx, NY 10459;
v. Astoria Federal Savings and Loan Association, One Astoria Federal Plaza, Lake Success, NY 11042;
vi. Bank of America National Association, 8950 Cypress Waters Blvd, Coppell, TX 75019;
vii. Bank of New York Mellon, 101 Barclay St, 7 West, New York, NY 10286;
viii. Capital One Bank, 4851 Cox Rd, Glen Allen, VA 23060;
ix. CACH, LLC, 370 17th Street, Suite 5000, Denver, CO 80202;
x. Cambridge Home Capital, LLC, 80 Cuttermill Rd, Suite 408, Great Neck, NY 11021;
xi. Brian J. Carr, Esq., Herzfeld & Rubin, P.C., 125 Broad Street, New York, NY 10004;
xii. Chrysler Fincl Svcs Americas, LLC, PO Box 551080, Jacksonville, FL 32255;
xiii. City of New York, 1 Centre St, New York, NY 10007;
xiv. Nancy T Sunshine – Comm of Jurors, 360 Adams Street, Brooklyn, NY 11201;
xv. Commissioner of Labor State of New York, Department of Labor, Albany, NY 12240;
xvi. Emigrant Funding Corporation, 6 East 43rd Street, 7th Floor, New York, NY 10017;
xvii. Department of Housing and Preservation & Development, 100 Gold St, 3rd Fl, New York, NY 10038;
xviii. Department of Housing and Preservation & Development, 100 Gold St, 6th Fl, New York, NY 10038;
xix. Environmental Control Board, 66 John Street, 10th Floor, New York, NY 10038;

3

xx. Fink & Zelmanovitz, PC, 3869 Horatio Street, Apt 2F, New York, NY 10014;
xxi. First Residential Services of New York, 7500 Bergenline Ave, North Bergen, NJ 07047;
xxii. Freemont Investment & Loan, 2727 East Imperial Highway, Brea, CA 92821;
xxiii. Marilena Gamble, 42 Cornella St, Brooklyn, NY 11221;
xxiv. Anthony J. Iacchetta, 28 East Main Street, Suite 1400, Rochester, NY 14614;
xxv. JP Morgan Chase Bank, NA., 11 East 44th Street, New York, NY;
xxvi. Launch Development LLC, 69 Horatio St, Unit 2F, New York, NY 10014;
xxvii. Launch Development LLC, 11 Cooper Street, Brooklyn, NY 11216;
xxviii. Launch Development LLC, 329 Beach 45th St, Far Rockaway, NY 11691;
xxix. Launch Development LLC, 69 Horation Street, 2F, New York, NY 10014;
xxx. Launch Development LLC, 189-10 Hillside Ave, Hollis, NY 11423;
xxxi. LaSalle Bank National Association, 8950 Cypress Waters Blvd, Coppell, TX 75019;
xxxii. Lehman XS Trust Mortgage, 8950 Cypress Waters Blvd, Coppell, TX 75019;
xxxiii. Lend America, 201 Old Country Road, Melville, NY 11747;
xxxiv. Broadies Key-Byas, Brooklyn, NY 11216;
xxxv. Beth E. Goldman, Esq., Attorney for Broadies Key-Byas, NY Legal Assistance Group, 7 Hanover Square, 18th Floor, New York, 10004;
xxxvi. Martin Development & Management LLC, 1586 Eastern Parkway, Brooklyn, NY 11233;
xxxvii. Ariela Meiri, Great Neck, NY 11021;
xxxviii. Cindy Prusinowski, Attorney for Ariela Meiri, 64 Hilton Ave, Hempstead, NY 11550;
xxxix. Metro Fuel Oil Corp, 500 Kingsland Ave, Brooklyn, NY 11222;
xl. Mullooly, Jeffrey, Rooney & Glynn, Attorney for Metro Fuel Oil Corp, 6851 Jericho Tpke, Ste 220, Syosset, NY 11791;
xli. Normaline McCoy, 329 Beach 45th Street, Far Rockaway, NY 11691;
xlii. MERS, 4318 Miller Road, Flint, MI 48501;
xliii. MERS, PO Box 2026, Flint, MI 48501;
xliv. MidFirst Bank, 999 NW Grand Blvd, #100, Oklahoma City, OK 73118;
xlv. Desiree Murray, 781 Franklin Ave, Brooklyn, NY 11238;
xlvi. Raymond Murray, Brooklyn, NY 11203;
xlvii. Nationstar Mortgage, LLC, 350 Highland Drive, Lewisville, TX 75067;
xlviii. NY State Dept of Taxation and Finance; WA Harriman State Campus, Albany, NY 12227;

  xlix. NYC Bureau of Higway Operaions, 40 Worth Street, New York, NY 10007;
  l. NYCTL, 1 Centre Street, New York, NY 10007;
  li. Parking Violations Bureau, 66 John Street, 10th Floor, New York, NY 10038;
  lii. Robert Pressley, St Albans, NY 11412;
  liii. Jacob Samra and Zion Hamo, Great Neck, NY 11020;
  liv. Robert Seewald of Counsel to Donna Dougherty, The L.E.A.P. Project, Legal Services for the Elderly in Queens, 97-77 Queens Blvd, Suite 600, Rego Park, NY 11374;
  lv. Melvin Shuler, Brooklyn, NY 11216;
  lvi. Melvin Shuler, Queens Village, NY 11429;
  lvii. Peggy Shuler, Astoria, NY 11105;
  lviii. Transit Adjudication Bureau, 130 Livingston St, Brooklyn, NY 11201;
  lix. US Bank National Association, 8950 Cypress Waters Blvd, Coppell, TX 75019;
  lx. Wells Frago Bank National Association as Trustee, 700 Kansas Lane, MC 8000, Monroe, LA 71203;
  lxi. Wilminton Trust Company, 8950 Cypress Waters Blvd, Coppell, TX 75019;
  lxii. Woodmere Realty Holdings LLC, 1430 Broadway, Suite 1802, New York, NY 10018;
  lxiii. Workers Compensation Board of NY State, 328 State Street, Schenectady, NY 12305;

(collectively, the "Noticed Parties");

  WHEREAS, on or about July 9, 2018, Broadies Key-Byas ("Key-Byas") filed a petition for a hearing to adjudicate the validity of their alleged interest in, among other things, the Herkimer Property (D.E. 377);

  WHEREAS, on or about July 12, 2019, the Court entered a Stipulation and Order of Withdrawal of Petition of Key-Byas as to the Herkimer Property (D.E. 587);

  WHEREAS, on or about July 2, 2018, Melvin Shuler ("Shuler") filed a petition for a hearing to adjudicate the validity of their alleged interest in, among other things, the Rogers Property (D.E. 354);

  WHEREAS, on or about August 19, 2019, the Court entered a Stipulation and Order of Withdrawal of Petition of Shuler as to the Rogers Property (D.E. 609);

WHEREAS, on or about July 2, 2018, Evangeline Troxler ("Troxler") filed a petition for a hearing to adjudicate the validity of their alleged interest in, among other things, the Cooper Property (D.E. 363);

WHEREAS, on or about November 21, 2018, US Bank National Association ("US Bank") filed a petition for a hearing to adjudicate the validity of their alleged interest in, among other things, the Cooper Property (D.E. 489);

WHEREAS, on or about November 7, 2019, the Court entered a Stipulation and Order of Withdrawal of Petition of Troxler and US National Bank as to the Cooper Property (D.E. 649);

WHEREAS, on or about October 25, 2018, Raymond Murray ("Murray") filed a petition for a hearing to adjudicate the validity of their alleged interest in, among other things, the East 49th Property (D.E. 446);

WHEREAS, on or about September 20, 2019, the Court entered a Stipulation and Order of Withdrawal of Petition of Murray as to the East 49th Property (D.E. 623);

WHEREAS, on or about November 9, 2018, Woodmere Realty Holdings ("Woodmere") filed a petition for a hearing to adjudicate the validity of their alleged interest in, among other things, the 1586 Eastern Property (D.E. 476);

WHEREAS, on or about November 16, 2018, NYCTL 2017-A Trust and Bank of New York Mellon ("NYCTL 2017-A") filed a petition for a hearing to adjudicate the validity of their alleged interest in, among other things, the 1586 Eastern Property (D.E. 484);

WHEREAS, on or about October 2, 2019, the Court entered a Stipulation and Order of Withdrawal of Petition of Woodmere and NYCTL 2017-A as to, among other things, the 1586 Eastern Property (D.E. 636);

WHEREAS, on or about December 6, 2018, Normaline McCoy ("McCoy") filed a petition for a hearing to adjudicate the validity of their alleged interest in, among other things, the 329 Beach Property (D.E. 503);

WHEREAS, on or about October 30, 2019, the Court entered a Stipulation and Order of Withdrawal of Petition of McCoy as to the 329 Beach Property (D.E. 647);

WHEREAS, the Defendant and the Noticed Parties are the only persons/entities known by the Government to have a potential interest in the Specific Property;

WHEREAS, no other petitions to contest the forfeiture as to the Specific Property have been filed or made in this action, no other parties have appeared to contest the action to date, and the statutory time periods for doing so, as set forth in Title 21, United States Code, Section 853(n)(2), have expired;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property following the Court's disposition of all petitions filed under Title 21, United States Code, Section 853(n);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3. The United States Marshals Service (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

4. The Clerk of the Court shall forward four certified copies of this Final Order of Forfeiture to Assistant United States Attorney Alexander Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
December 6, 2019

SO ORDERED:

_____
HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: December 6, 2019