UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
                            :

UNITED STATES OF AMERICA

                            :    **STIPULATION AND ORDER**

       - v. -              :    S4 15 Cr. 627 (ER)

AMIR MEIRI,                  :

              Defendant.    :
- - - - - - - - - - - - - - - - - x
                            :

PHILLIP R. WONG, SR. and PHILLIP
R. WONG, JR.,                   :

            Petitioners.    :

- - - - - - - - - - - - - - - - - x
                            :

OCWEN LOAN SERVICING, LLC,

                            :

            Petitioner.    :

- - - - - - - - - - - - - - - - - x

EDGARDO RAMOS, District Judge:

     WHEREAS, on or about November 1, 2016, AMIR MEIRI (the "defendant"), among others, was charged in four counts of a five-count Superseding Indictment, S4 15 Cr. 627 (ER) (the "Indictment"), with conspiracy to commit wire fraud and bank fraud in connection with the conduct of telemarketing, in violation of Title 18, United States Code, Section 1349 (Count One); money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count Two); money laundering, in violation of Title 18, United States Code,

1

Sections 1957(a) and 2 (Count Three); and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2 (Count Four) (D.E. 159);

WHEREAS, the Indictment included a forfeiture allegation as to Count One, among other forfeiture allegations, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment;

WHEREAS, on or about May 9, 2016, the United States filed a Bill of Particulars identifying certain properties subject to forfeiture as property that constitutes or is derived from proceeds traceable to the commission of the offense charged in the Indictment, among them the following property listed as item number thirty three (33) therein:

    a.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at **114-30 205th Street, St. Albans, NY**;

(the "Subject Property") (D.E. 117);

WHEREAS, on or about April 10, 2018, the defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the defendant admitted the

2

forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all right, title and interest of the defendant in, among other things, the Subject Property;

WHEREAS, on or about April 16, 2018, the Court entered a Consent Preliminary Order of Forfeiture as to Subject Property ("Preliminary Forfeiture Order"), which in relevant part, ordered the forfeiture to the United States of all of Defendant's right, title and interest in the Subject Property, listed as item twenty seven (27) therein, as property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment (D.E. 292);

WHEREAS, the provisions of Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the intent of the United States to dispose of the Subject Property before the United States can have clear title to the Subject Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Subject Property was posted on an official government internet site (www.forfeiture.gov) beginning on May 3, 2018 for thirty (30) consecutive days, through June 1, 2018, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on May 30, 2019 (D.E. 574);

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(2) the deadline to file a petition with the Court asserting a legal interest in the Subject Property expired on March 4, 2019;

WHEREAS, on or about September 26, 2018, the Government served notice of the Preliminary Forfeiture Order upon, inter alia, PHILLIP R. WONG, SR. and PHILLIP R. WONG, JR., (prior owners of the subject property), hereinafter "the WONGS", and OCWEN LOAN SERVICING, LLC, (prior mortgage holder on the subject property), hereinafter "OCWEN".

WHEREAS, on or about June 1, 2018, the WONGS filed a verified petition with this Court claiming an ownership interest in the Subject Property ("WONG Petition") (D.E. 333);

4

WHEREAS, on or about November 8, 2018, OCWEN Petitioner filed a verified petition with this Court claiming a lien-holder interest in the Subject Property ("OCWEN Petition") (D.E. 464);

WHEREAS, no claims to the Subject Property, other than the Wong Petition and the Ocwen Petition, have been filed with this Court;

WHEREAS, the United States Attorney's Office for the Southern District of New York, the WONGS, and OCWEN have agreed, in order to avoid litigation, to resolve the Petitioners' claims to the Subject Property on the terms and conditions set below;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorney, Sebastian Swett of counsel, the WONGS, and their counsel, Joshua Deutsch, Esq. of Deutsch & Schneider, LLP, and OCWEN, and their counsel, Ronald James R. De La Fuente of Houser, LLP that:

1.    The WONGS hereby withdraw the WONG Petition as to the Subject Property, without prejudice to their rights as a victim, or their right to file a petition for remission or mitigation of the forfeiture, pursuant to the procedures set forth in Title 28, Part 9, of the Code of Federal Regulations.

2.    OCWEN hereby withdraws the OCWEN Petition as to the Subject Property.

3.    The Government has submitted a Petition for Remission for the Subject Property (the "Petition for Remission"), to the Money Laundering and Asset Recovery Section ("MLARS") of the United States Department of Justice, and MLARS has approved the Petition for Remission.

4.    Upon the entry of a Final Order of Forfeiture as to the Subject Property, the Government will convey legal title of the Subject Property to the WONGS, or their assigns.

5.    The Parties hereby agree that upon entry of this Stipulation and Order, entry of a Final Order of Forfeiture as to the Subject Property, and the Government's conveyance of title of the Subject Property to the WONGS, or their assigns, OCWEN can file a document vacating the Satisfaction of Mortgage dated May 22, 2015, recorded in the Queens County Register's Office on June 4, 2015 in CRFN 2015000189061, with respect to Mortgage dated October 16, 2007 recorded in the Queens County Register's Office on December 3, 2007 in CRFN 2007000596138, subject to the below terms:

A)    A new Satisfaction of said mortgage shall be issued by OCWEN simultaneously with execution of this agreement, which shall be held in escrow by counsel for OCWEN, pending his receipt of the below referenced Settlement Payment to OCWEN;

B)    The WONGS and their assigns agree to pay OCWEN the total sum of $25,000.00 in certified funds, within 90 days of the delivery and recording of the deed of the subject property to them by the Government, ("Settlement

6

Payment"), in full satisfaction and release of any and all claims OCWEN has against the WONGS and the subject property; Should there be a delay in the government's conveyance of title of the subject property to the WONGS (or their assigns) or a delay in their obtaining the funds for the Settlement Payment, Ocwen shall agree to extend the payment deadline for a maximum of 60 days upon request by the WONGS; and

C)   Upon receipt of such Settlement Payment funds, counsel for OCWEN shall promptly mail (by Federal Express Mail) the New Satisfaction of mortgage to be recorded by the WONGS, so that same is received by counsel for the WONGS by no later than 30 days of receipt of funds. The parties hereby agree that the settlement of the dispute between OCWEN and WONGS related to a contest liability and was made in good faith. As such, the excess of the alleged original debt over the amount of the settlement shall not be considered as income to the WONGS, and OCWEN shall not issue a Form 1099-C.

6.   The WONGS and OCWEN are hereby barred from asserting any claim against the United States Attorney's Office for the Southern District of New York ("USAO-SDNY"), Department of Justice ("DOJ"), the Federal Bureau of Investigations ("FBI"), the United States Marshals Service ("USMS"), or agents and employees of the USAO-SDNY, the DOJ, the FBI and the USMS in connection with the seizure and/or possession of the Subject Property, including but not limited to any claim that there was no probable cause to seize and hold the Subject Property, or for costs or attorney's fees.

7.   The parties hereby waive all rights to challenge or contest the validity of this Stipulation and Order.

7

8.    This Stipulation and Order shall in no way be deemed an admission of culpability, liability, or guilt on behalf of the WONGS, OCWEN, or of the United States or any of their respective agents, contractors, officers, or employees, past and present.

9.    Each party shall bear its own costs and attorney's fees.

10.  This Stipulation and Order constitutes the complete agreement of the parties and may not be amended without express written authorization from all parties.

11.  The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.   Fax copies shall be treated as originals.

12.  This Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

13.  The Clerk of the Court shall forward three certified copies of this Stipulation and Order to Assistant United States Attorney Alexander J. Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York 10007.

**AGREED AND CONSENTED TO:**

**GEOFFREY S. BERMAN**
United States Attorney for the
Southern District of New York

By: _____     August 17, 2020
    SEBASTIAN SWETT                          DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007

**Petitioner PHILLIP R. WONG, SR.**

By: _____     August 14, 2020
    PHILLIP R. WONG, SR.                     DATE

**Petitioner PHILLIP R. WONG, JR.**

By: _____     August 14, 2020
    PHILLIP R. WONG, JR.                     DATE

**DEUTSCH & SCHNEIDER, LLP**

By: _____     August 14, 2020
    Doris Barkhordar, Esq.                   DATE
    Attorney(s) For Petitioners
    PHILLIP R. WONG, JR. & PHILLIP R. WONG, SR.
    79-37 Myrtle Avenue
    Glendale, NY 11385

**Petitioner OCWEN LOAN SERVICING, LLC**

                                            August   , 2020
By: _____
    Name:_____      DATE
    Title:_____

**AGREED AND CONSENTED TO:**

**GEOFFREY S. BERMAN**
United States Attorney for the
Southern District of New York

August    ,2020

By: _____          _____
    SEBASTIAN SWETT                              DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007

**Petitioner PHILLIP R. WONG, SR.**

August    ,2020

By: _____          _____
    PHILLIP R. WONG, SR.                         DATE

**Petitioner PHILLIP R. WONG, JR.**

August    ,2020

By: _____          _____
    PHILLIP R. WONG, JR.                         DATE

**DEUTSCH & SCHNEIDER, LLP**

August    ,2020

By: _____          _____
    Doris Barkhordar, Esq.                       DATE
    Attorney(s) For Petitioners
    PHILLIP R. WONG, JR. & PHILLIP R. WONG, SR.
    79-37 Myrtle Avenue
    Glendale, NY 11385

**Petitioner OCWEN LOAN SERVICING, LLC**

August 6th,2020

By: _____          _____
    Name: Mark Feliciano                         DATE
    Title: Sr. Loan Analyst

9

HOUSER, LLP

By: _____
Ronald James R. De La Fuente, Esq.
Attorney for Petitioner, Escrowee
OCWEN LOAN SERVICING, LLC
60 East 42nd Street, Suite 2330
New York, NY 10165

August 6 ,2020
_____
DATE

SO ORDERED:

_____
HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

August 17, 2020
_____
DATE

10