UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -v.-

AMIR MEIRI,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FINAL ORDER OF FORFEITURE**

S4 15 Cr. 627 (ER)

WHEREAS, on or about April 16, 2018, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Properties (the "Preliminary Order of Forfeiture") (D.E. 292), which ordered the forfeiture to the United States of all right, title and interest of AMIR MEIRI (the "Defendant") in, among other things, the following property:

    i.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 58-35 78th Avenue, Ridgewood, NY 11385;

(the "Specific Property");

WHEREAS, on or about April 16, 2018, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Herzel Meiri Preliminary Order of Forfeiture") (D.E. 293), which ordered the forfeiture to the United States of all right, title and interest of HERZEL MEIRI in, among other things, the Specific Property;

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable,

provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on May 3, 2018 for thirty (30) consecutive days, through June 1, 2018, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on May 30, 2019 (D.E. 574);

WHEREAS, between September 26, 2018 and November 30, 2018, notice of the Preliminary Order of Forfeiture was sent by certified mail, return receipt requested, to:

  i.    Derrick J Matamoro, Ridgewood, NY 11385;
  ii.   Horatio Management, 69 Horatio Street, Unit 2F, New York, NY 10014;
  iii.  Internal Revenue Service, Cincinnati IRS Campus, P.O. Box 145595, Cincinnati, OH 45250;
  iv.   NYS Department of Taxation and Finance, W A Harriman State Campus, Albany, NY 12227;

WHEREAS, on or about November 8, 2018, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-NC3 care of Ocwen Loan Servicing, LLC ("Deutsche") filed a petition for a hearing to adjudicate the validity of their alleged interest in the Specific Property (D.E. 463);

WHEREAS, on or about February 4, 2019, Derrick Matamoro ("Matamoro") filed a petition for a hearing to adjudicate the validity of his alleged interest in, among other things, the Specific Property (D.E. 534);

WHEREAS, on or about October 7, 2020, the Court entered a Stipulation and Order withdrawing the petitions of Deutsche and Matamoro (D.E. 742);

WHEREAS, no other petitions to contest the forfeiture as to the Specific Property have been filed or made in this action, no other parties have appeared to contest the action to date, and the statutory time periods for doing so, as set forth in Title 21, United States Code, Section 853(n)(2), have expired;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property following the Court's disposition of all petitions filed under Title 21, United States Code, Section 853(n);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3. The United States Marshals Service (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

4. The Clerk of the Court shall forward four certified copies of this Final Order of Forfeiture to Assistant United States Attorney Alexander Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
           October 9 , 2020

The Clerk of Court is respectfully directed to terminate the motion.  Doc. 743.

SO ORDERED:

_____
HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE