```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA           :
                                   :   STIPULATION AND ORDER
          -v.-                     :   OF WITHDRAWAL OF
                                   :   PETITIONS OF MICHAEL
AMIR MIERI,                        :   GORDON, BAYPORT FUNDING
                                   :   LLC, AND US BANK, N.A.,
          Defendant.               :   AS TRUSTEE
                                   :
- - - - - - - - - - - - - - - - - X   15 Cr. 627 (ER)
                                   :
MICHAEL GORDON, BAYPORT FUNDING    :
LLC, AND US BANK, N.A. AS TRUSTEE  :
FOR RESIDENTIAL ASSET SECURITIES   :
CORPORATION, HOME EQUITY MORTGAGE  :
ASSET-BACKED PASS-THROUGH          :
CERTIFICATES, SERIES 2006-KS9,     :
                                   :
          Petitioners.             :
                                   :
- - - - - - - - - - - - - - - - - x
```

WHEREAS, on or about April 16, 2018, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property (the "Preliminary Order of Forfeiture") (D.E. 292), which ordered the forfeiture to the United States of all right, title and interest of AMIR MIERI (the "Defendant") in, among other things:

> All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 329 Herkimer Street, Brooklyn, New York (the "Specific Property");

1

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Properties, and the requirement that any person asserting a legal interest in the Specific Properties must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3).  The Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Properties and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Properties before the United States can have clear title to the Specific Properties;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Properties was

...

...

...

posted on an official government internet site (www.forfeiture.gov) beginning on May 3, 2018 for thirty (30) consecutive days, through June 1, 2018, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on May 30, 2019 (D.E. 574);

WHEREAS, between September 26, 2018 and November 30, 2018, notice of the Preliminary Order of Forfeiture was sent by certified mail, return receipt requested, to:

 a. 329 Herkimer Street LLC, 329 Herkimer St, Brooklyn, NY 11216;

 b. Bayport Funding LLC, 98 Cutter Mill Road, Suite 453S, Great Neck, NY 11201;

 c. US Bank National Association, 8950 Cypress Waters Blvd, Coppell, TX 75019;

 d. Claude Byron, Brooklyn, NY 11216;

 e. Environmental Control Board, 66 John Street, 10th Floor, New York, NY 10038;

 f. NYS Department of Taxation and Finance, WA Harriman State Campus, Albany, NY 12227;

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture;

WHEREAS, on or about June 29, 2018, Bayport Funding LLC ("Bayport") filed a petition in the above captioned case asserting an interest in the Specific Property;

WHEREAS, on or about November 8, 2018, U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-KS9 ("the Trust") filed a petition in the above captioned case asserting an interest in the Specific Property;

WHEREAS, on or about November 9, 2018, Michael Gordon ("Gordon") filed a petition in the above captioned case asserting an interest in the Specific Property;

WHEREAS, Bayport, US Bank, and Gordon shall be collectively referred to as "the Petitioners";

WHEREAS, the USAO-SDNY is not aware of any other claims of ownership with respect to the Specific Property;

WHEREAS, based upon the Petitions' representations the USAO-SDNY has agreed to settle any and all claims and potential claims to the Specific Property on the terms set forth in this Stipulation and Order;

WHEREAS, the United States and the Petitioners have agreed to resolve this matter without further litigation;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, Acting United States Attorney, Assistant United States Attorney Sebastian Swett, of counsel, and the Petitioners, and their respective counsels, Edward A. Vincent, Esq. of Borchert & LaSpina, P.C., Ronald James R. De La Fuente, Esq. of Houser LLP, and Alexander Knipenberg, Esq. of Brooklyn Legal Services Corporation, that:

1. The Petitioners hereby acknowledge the validity of the mortgage held by Petitioner Bayport recorded on February 20, 2015 in the Office of the City Register of the City of New York at CRFN 2015000057953 and that the mortgage is a priority lien encumbering the Specific Property and waive any claims or defenses to the validity and enforceability of Bayport's mortgage lien.

2. The Petitioners hereby acknowledge Michael Gordon's rightful ownership of the Specific Property.

3. Bayport shall remit a bank check or money order for the sum of $20,000.00 to "Ocwen Loan Servicing, LLC" within 20 days of the date of filing of this Stipulation and Order, as so-ordered by the court, with the United States District Court, Southern District of New York.

4. The Petitioners hereby withdraw their Petitions as to the Specific Property, without prejudice to their rights as victims, or their rights to file a petition for remission or mitigation of the forfeiture, pursuant to the procedures set forth in Title 28, Part 9, of the Code of Federal Regulations.

5. The Government has submitted a Petition for Remission for the Specific Property (the "Petition for Remission"), and the Money Laundering and Asset Recovery Section of the United States Department of Justice has approved the Petition for Remission.

6. Upon the entry of a Final Order of Forfeiture as to the Specific Property, the Government will begin the process of remission to convey legal title of the Specific Property to Michael Gordon and will convey legal title of the Specific Property to Michael Gordon, which conveyance shall be subject to the priority mortgage held by Petitioner Bayport recorded on February 20, 2015 in the Office of the City Register of the City of New York at CRFN 2015000057953.

7. The Petitioners are hereby barred from asserting, or assisting others in asserting, any claim against the United States (including but not limited to the Department of Justice ("DOJ"), SDNY-USAO, the Federal Bureau of Investigations ("FBI"), and any agents and employees of the United States, in

connection with or arising out of the seizure, restraint, and/or constructive possession of the Specific Property, including, but not limited to, any claim that there was no probable cause to seize the Specific Property, that the Petitioners are prevailing parties, or that the Petitioners are entitled to attorney's fees or any award of interest.

8. The Petitioner agrees to hold harmless the DOJ, the SDNY-USAO, the FBI, and any agents and employees of the United States, the DOJ, the SDNY-USAO, the FBI, from any and all claims in connection with or arising out of the seizure, restraint, and/or constructive possession of the Specific Property, including but not limited to any third-party claims of ownership of the Specific Property.

9. The Petitioners hereby agree to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order.

10. Each party to this Stipulation and Order shall bear its own costs and attorney's fees.

11. This Stipulation and Order shall in no way be deemed an admission of culpability, liability, or guilt on behalf of the parties or any of their respective agents, contractors, officers, or employees, past, and present, except as may be expressly stated above.

12. This Stipulation and Order shall in no way constitute any reflection upon the merits of any petition, claim and/or defenses that may be asserted respectively by the parties, except as may be expressly stated above.

13. This Stipulation and Order constitutes the complete agreement of the parties and may not be amended without express written authorization from all parties.

14. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Fax or PDF copies shall be treated as originals.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____          10/9/2020
    SEBASTIAN SWETT                           DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-2106

Bayport Funding, LLC
Petitioner

By: _____          10/6/2020
    Lawrence Andelsman, Esq.                  DATE
    Authorized Signatory Petitioner Bayport

8

Mortgagee

By: *Edward A. Vincent*                                    10/7/20
Edward A. Vincent, Esq.                                    DATE
Borchert & LaSpina, P.C.
Attorneys for Petitioner Bayport
19-02 Whitestone Expwy., Suite 302
Whitestone, NY 11357


U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-KS9 by its attorney in fact PHH Mortgage Corporation s/b/m/t Ocwen Loan Servicing LLC
Petitioner

By: _____                              10-05-20
Authorized Signer of PHH Mortgage Corporation s/b/m/t Ocwen    DATE
Loan Servicing LLC

By: _____                              10/5/2020
Ronald James R. De La Fuente, Esq.                         DATE
Houser LLP
Attorneys for Petitioner The Trust
60 East 42nd Street, Suite 2330
New York, NY 10165


Michael Gordon
Petitioner

By: _____                              10/9/20
Michael Gordon                                             DATE
Individually and as sole heir of Claude Byron

By: _____                              10-9-20
Alexander Knipenberg, Esq.                                 DATE
Brooklyn Legal Services Corporation A
Attorneys for Petitioner Michael Gordon
260 Broadway, Suite 2

Brooklyn, NY 11211

SO ORDERED:

> The Clerk of Court is respectfully directed to terminate the motion. Doc. 746.

*[signature]*

_____
HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

10/14/2020
_____
DATE