UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
    - v. -                                            STIPULATION AND ORDER OF
                                                        WITHDRAWAL OF PETITION OF
AMIR MEIRI,                                     :     MARIE M. JOLIVIN AND
                                                        ANTOINE A. JOLIVIN
                                                        :
                           Defendant.                      S4 15 Cr. 627 (ER)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
ANN MARIE M. JOLIVIN AND ANTOINE A.
JOLIVIN,                                                     :

                           Petitioners.                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EDGARDO RAMOS, District Judge:

        WHEREAS, on or about November 1, 2016, AMIR MEIRI (the "Defendant"), among others, was charged in four counts of a five-count Superseding Indictment, S4 15 Cr. 627 (ER) (the "Indictment"), with conspiracy to commit wire fraud and bank fraud in connection with the conduct of telemarketing, in violation of Title 18, United States Code, Section 1349 (Count One); money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count Two); money laundering, in violation of Title 18, United States Code, Sections 1957(a) and 2 (Count Three); and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2 (Count Four) (D.E. 159);

        WHEREAS, the Indictment included a forfeiture allegation as to Count One, among other forfeiture allegations, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment;

WHEREAS, on or about May 9, 2016, the United States filed a Bill of Particulars identifying certain properties subject to forfeiture as property that constitutes or is derived from proceeds traceable to the commission of the offense charged in the Indictment, among them the following property listed as item twenty (20) therein:

a. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 5316 Ave L, Brooklyn, NY 11234;

(the "Subject Property") (D.E. 117);

WHEREAS, on or about April 10, 2018, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all right, title and interest of the Defendant in, among other things, the Subject Property;

WHEREAS, on or about April 16, 2018, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property ("Preliminary Forfeiture Order"), which in relevant part, ordered the forfeiture to the United States of all of Defendant's right, title and interest in the Subject Property, listed as item fifteen (15) therein, as property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment (D.E. 292);

WHEREAS, the provisions of Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require

publication of a notice of forfeiture and of the intent of the United States to dispose of the Subject Property before the United States can have clear title to the Subject Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Subject Property was posted on an official government internet site (www.forfeiture.gov) beginning on May 3, 2018 for thirty (30) consecutive days, through June 1, 2018, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on May 30, 2019 (D.E. 574);

WHEREAS, between September 26, 2018 and November 30, 2018, notice of the Preliminary Order of Forfeiture was sent by certified mail, return receipt requested, to:

   i.   Martin Development & Management, LLC, 5316 Ave L, Brooklyn, NY 11234;
   ii.  Sovereign Bank, 1130 Berkshire Blvd, Wyominssing, PA 19610;
   iii. Environmental Control Board, 100 Church Street, New York NY 10007;
   iv.  NYS Department of Taxation and Finance, WA Harriman State Campus, Albany, NY 12227;

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture;

WHEREAS, on or about September 11, 2020, Ann Marie M. Jolivin and Antoine A. Jolivin (the "Petitioners") filed a verified petition with this Court claiming an ownership interest in the Subject Property (the "Jolivin Petition") (D.E. 737);

WHEREAS, no claims to the Subject Property, other than the Jolivin Petition, have been filed with this Court; and

WHEREAS, the United States and the Petitioners have agreed to resolve this matter without further litigation;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, Acting United States Attorney, Assistant United States Attorney, Sebastian Swett of counsel, Petitioners Ann Marie M. Jolivin and Antoine A. Jolivin, and their counsel, Arthur Burkle, Esq. that:

1. The Petitioners hereby withdraw the Jolivin Petition as to the Subject Property, without prejudice to their rights as a victim, or their right to file a petition for remission or mitigation of the forfeiture, pursuant to the procedures set forth in Title 28, Part 9, of the Code of Federal Regulations.

2. The Government has submitted a Petition for Remission for the Subject Property (the "Petition for Remission"), and the Money Laundering and Asset Recovery Section of the United States Department of Justice has approved the Petition for Remission.

3. Upon the entry of a Final Order of Forfeiture as to the Subject Property, the Government will remit and covey legal title of the Subject Property to Ann Marie M. Jolivin and Antoine A. Jolivin.

4. The Petitioners are hereby barred from asserting any claim against the United States Attorney's Office for the Southern District of New York ("USAO-SDNY"), Department of Justice ("DOJ"), the Federal Bureau of Investigations ("FBI"), the United States Marshals Service ("USMS"), or agents and employees of the USAO-SDNY, the DOJ, the FBI and the USMS in connection with the seizure and/or possession of the Subject Property, including but not limited to any claim that there was no probable cause to seize and hold the Subject Property, or for costs or attorney's fees.

5. The parties hereby waive all rights to challenge or contest the validity of this Stipulation and Order.

6. This Stipulation and Order shall in no way be deemed an admission of culpability, liability, or guilt on behalf of the Petitioners, or of the United States or any of their respective agents, contractors, officers, or employees, past and present.

7. Further, this Stipulation and Order shall in no way constitute any reflection upon the merits of any petition, claim and/or defenses that may be asserted respectively by the United States and Petitioners.

8. Each party shall bear its own costs and attorney's fees. This Stipulation and Order does not waive, and nothing in this Stipulation and Order shall be deemed a waiver of, the Petitioners' rights to seek costs and attorney's fees as against any individual or entity that is not a party to this Stipulation and Order in any other action, including but not limited to any action currently pending or commenced hereafter in any State or Federal Court.

9. This Stipulation and Order constitutes the complete agreement of the parties and may not be amended without express written authorization from all parties.

10. The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Fax copies shall be treated as originals.

11. This Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

12. The Clerk of the Court shall forward three certified copies of this Stipulation and Order to Assistant United States Attorney Alexander J. Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York 10007.

**AGREED AND CONSENTED TO:**

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____  February 3, 2021
SEBASTIAN SWETT                      DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007

Petitioner ANN MARIE M. JOLIVIN

By: _____  12/28/2020
ANN MARIE M. JOLIVIN                 DATE

Petitioner ANTOINE A. JOLIVIN

By: _____  12/28/2020
ANTOINE A. JOLIVIN                   DATE

By: _____  1/15/2021
ARTHUR BURKLE, ESQ.                  DATE
Attorney for the Petitioners
Brooklyn Legal Services
105 Court Street, 4th Floor
Brooklyn, NY 11201

SO ORDERED:

_____       2/4/2021
HONORABLE EDGARDO RAMOS              DATE
UNITED STATES DISTRICT JUDGE

The Clerk of Court is respectfully directed to terminate the motion. Doc. 777.