UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
              :
UNITED STATES OF AMERICA                :   STIPULATION AND ORDER

      - v. -                                   :   S4 15 Cr. 627 (ER)

AMIR MEIRI,                             :

         Defendant.                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
              :
JOSEPH CLARKE and JACQUELINE
KNIGHTS,                               :

         Petitioners.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
              :
WELLS FARGO BANK, NATIONAL
ASSOCIATION AS TRUSTEE FOR OPTION  :
ONE MORTGAGE LOAN TRUST 2007-4,
ASSET-BACKED CERTIFICATES, SERIES   :
2007-4 CARE OF OCWEN LOAN SERVICING,
LLC,                                     :

         Petitioner.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EDGARDO RAMOS, District Judge:

        WHEREAS, on or about November 1, 2016, AMIR MEIRI (the "Defendant"), among others, was charged in four counts of a five-count Superseding Indictment, S4 15 Cr. 627 (ER) (the "Indictment"), with conspiracy to commit wire fraud and bank fraud in connection with the conduct of telemarketing, in violation of Title 18, United States Code, Section 1349 (Count One); money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count Two); money laundering, in violation of Title 18, United States Code, Sections 1957(a) and 2 (Count Three); and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2 (Count Four) (D.E. 159);

WHEREAS, the Indictment included a forfeiture allegation as to Count One, among other forfeiture allegations, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment;

WHEREAS, on or about May 9, 2016, the United States filed a Bill of Particulars identifying certain properties subject to forfeiture as property that constitutes or is derived from proceeds traceable to the commission of the offense charged in the Indictment, among them the following property listed as item twenty-four (24) therein:

> a. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 963 East 95th Street, Brooklyn, NY 11236

(the "Subject Property") (D.E. 117);

WHEREAS, on or about April 10, 2018, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all right, title and interest of the Defendant in, among other things, the Subject Property;

WHEREAS, on or about April 16, 2018, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property ("Preliminary Forfeiture Order"), which in relevant part, ordered the forfeiture to the United States of all of Defendant's right, title and interest in the Subject Property, listed as item nineteen (19) therein, as property constituting or derived from any

proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment (D.E. 292);

WHEREAS, the provisions of Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the intent of the United States to dispose of the Subject Property before the United States can have clear title to the Subject Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Subject Property was posted on an official government internet site (www.forfeiture.gov) beginning on May 3, 2018 for thirty (30) consecutive days, through June 1, 2018, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on May 30, 2019 (D.E. 574);

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(2) the deadline to file a petition with the Court asserting a legal interest in the Subject Property expired on March 4, 2019;

WHEREAS, on or about July 2, 2018, Joseph Clarke and Jacqueline Knights (collectively, "Mr. Clarke and Ms. Knights") filed a verified petition with this Court claiming an ownership interest in, among other things, the Subject Property (the "Clarke and Knights Petition") (D.E. 361);

WHEREAS, on or about November 8, 2018, Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2007-4, Asset-Backed Certificates, Series 2007-4 care of Ocwen Loan Servicing, LLC, (collectively, "Wells Fargo" and together with

Mr. Clarke and Ms. Knights, the "Petitioners") filed a verified petition with this Court claiming an ownership interest in the Subject Property (the "Wells Fargo Petition") (D.E. 467);

WHEREAS, no claims to the Subject Property, other than the Clarke and Knights Petition and the Wells Fargo Petition, have been filed with this Court; and

WHEREAS, the United States Attorney's Office for the Southern District of New York, Mr. Clarke and Ms. Knights, and Wells Fargo have agreed, in order to avoid further litigation, to resolve the Petitioners' claims to the Subject Property on the terms and conditions set below;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistant United States Attorney, Sebastian Swett of counsel, Mr. Clarke and Ms. Knights, and their counsel, Jenny Eisenberg, Esq., and Wells Fargo, and their counsel, Jordan W. Schur, Esq., (collectively, the "Parties") that:

1. Mr. Clarke and Ms. Knights hereby withdraw the Clarke and Knights Petition as to the Subject Property, without prejudice to their rights as a victim, or their right to file a petition for remission or mitigation of the forfeiture, pursuant to the procedures set forth in Title 28, Part 9, of the Code of Federal Regulations.

2. Wells Fargo hereby withdraws the Wells Fargo Petition as to the Subject Property.

3. The Government hereby represents that it will submit a Petition for Remission for the Subject Property (the "Petition for Remission") to the Money Laundering and Asset Recovery Section ("MLARS") of the United States Department of Justice.

4. Upon the entry of a Final Order of Forfeiture as to the Subject Property, the Government will convey legal title of the Subject Property to Mr. Clarke and Ms. Knights or their designee.

5. The Parties hereby agree that upon entry of this Stipulation and Order, entry of a Final Order of Forfeiture as to the Subject Property, and the Government's conveyance of title of the Subject Property to Mr. Clarke and Ms. Knights, or their assigns, Mr. Clarke and Ms. Knights and their assigns agree to pay Wells Fargo the total sum of $100,000 in certified funds within 45 days of the delivery and recording of the deed of the Subject Property to them by the Government ("Settlement Payment"), in full satisfaction and release of any and all claims Wells Fargo has against Mr. Clarke and Ms. Knights and the Subject Property.

6. Mr. Clarke and Ms. Knights and Wells Fargo are hereby barred from asserting any claim against the United States Attorney's Office for the Southern District of New York ("USAO-SDNY"), the Department of Justice ("DOJ"), the Federal Bureau of Investigations ("FBI"), the United States Marshals Service ("USMS"), or agents and employees of the USAO-SDNY, the DOJ, the FBI and the USMS in connection with the seizure and/or possession of the Subject Property, including but not limited to any claim that there was no probable cause to seize and hold the Subject Property, or for costs or attorney's fees.

7. The Parties hereby waive all rights to challenge or contest the validity of this Stipulation and Order.

8. This Stipulation and Order shall in no way be deemed an admission of culpability, liability, or guilt on behalf of Mr. Clarke and Ms. Knights or Wells Fargo, or any of their respective agents, contractors, officers, or employees, past and present.

9. Each party shall bear its own costs and attorney's fees.

10. This Stipulation and Order constitutes the complete agreement of the Parties and may not be amended without express written authorization from all Parties.

11. The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Fax copies shall be treated as originals.

12. This Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

13. The Clerk of the Court shall forward three certified copies of this Stipulation and Order to Assistant United States Attorney Alexander J. Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York 10007.

**AGREED AND CONSENTED TO:**

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _/s/ Sheb Swett_  11/16/2021
SHEB SWETT  DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007

JOSEPH CLARKE
Petitioner

By: _/s/ Joseph Clarke_  11-6-21
JOSEPH CLARKE  DATE

JACQUELINE KNIGHTS
Petitioner

By: _/s/ Jacqueline Knights_  10/06/2021
JACQUELINE KNIGHTS  DATE

By: _____   11/15/21
JENNY EISENBERG, ESQ.                DATE
Brooklyn Legal Services
105 Court Street
Brooklyn, NY 11201
*Attorney for Petitioners Mr. Clarke and Ms. Knights*

WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-4, ASSET-BACKED CERTIFICATES, SERIES 2007-4 CARE OF OCWEN LOAN SERVICING, LLC,
Petitioner

By: _____   11/9/21
JORDAN W. SCHUR, ESQ.                DATE
Houser LLP
60 East 42nd Street, Suite 2330
New York, NY 10165
*Attorney for Petitioner Wells Fargo*

SO ORDERED:

_____        November 17, 2021
HONORABLE EDGARDO RAMOS              DATE
UNITED STATES DISTRICT JUDGE