UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                              Plaintiff,

        –against–                                          **ORDER**

HERZEL MEIRI and AMIR MEIRI,                               15 Cr. 627 (ER)

                              Defendants.

_____

PETERMARK II LLC,

                Third-Party Petitioner,

(Re: Specific Property: 2146-2148 Fulton Street,
Brooklyn, New York) Asset ID:  18-FBI-0032875

_____

RAMOS, D.J.:

        Pending before the Court is Third-Party Petitioner, Petermark II LLC's motion for

summary judgment pursuant to 21 U.S.C. § 853(n) to amend the preliminary order of forfeiture

concerning properties at 2146 Fulton Street, Brooklyn, New York 11233, Block 1551, Lot 52,

and 2148 Fulton Street, Brooklyn, New York 11233, Block 1151, Lot 53 (collectively, "the

Premises").  Doc. 679.  Petermark moves for summary judgment requesting a declaration of the

validity of its interest in the Premises, or in the alternative an amendment of the forfeiture order

to provide that Petermark's claims of equitable subrogation is superior to the interests of the

United States and any other claimant.  For the following reasons, Petermark's motion for

summary judgment is DENIED.

## I.     BACKGROUND

### A.  Forfeiture of the Properties

From around January 2013 until May 2015, Herzel and Amir Meiri were part of an entity called Homeowner Assistance Services of New York ("HASNY"), that tricked or coerced financially distressed homeowners in New York City into selling or deeding their properties to HASNY through one of several business entities, one of which was Launch Development LLC ("Launch"), under the guise of providing loan assistance and renegotiation services.  Doc. 80; Doc. 690 at 6–7.  One targeted homeowner was Samuel Nyamekye, owner of Nyamekye Holding, and his wife Mary Nyamekye.  Doc. 690 at 6–7.  Nyamekye Holding owned the two Premises at issue here.  *Id.* at 6.  In 2014, the Nyamekye's were tricked into transferring the Premises, which were in foreclosure at the time, to Launch.  *Id.* at 7.  Launch recorded the deeds to the two Premises separately and two months apart, on July 21, 2014 for 2148 Fulton and October 9, 2014 for 2146 Fulton, despite the fact that the two properties are attached.  *Id.*; Doc. 680-5; Doc. 680-10.

Mark Pnini is the sole employee of Petermark.  Doc. 690 at 6.  He describes himself as an investor in real estate who operates through multiple entities in several states.  *Id.* at 9.  Prior to extending a loan on the Premises, Pnini visited Herzel Meiri and Launch at Meiri's office in Queens.  *Id.*  During the Government's deposition on September 18, 2019, Pnini testified that he was not aware that there was signage throughout the building where Meiri's office was housed that said "Homeowner Assistance Services of New York."  *Id.*

On February 26, 2015, Petermark loaned Launch $700,000 secured by a mortgage on the Premises, which was recorded in a single document on March 10, 2015.  *Id.* at 7.  Petermark loaned this amount after reviewing a Title Report.  *Id.* at 7–8.  The Title Report included a copy

of the June 30, 2014 deed conveying title from Nyamekye Holding to Launch, with HASNY listed under the "Presenter" and "Return to" fields.[1]  *Id.* at 8.  The Title Report noted that the deed was recorded for no consideration, a fact which the Report said needed to be explained to the title company prior to closing.  *Id.*  Samuel Nyamekye signed three Affidavits, one for each address explaining that the premises were conveyed for $1,000 and a third stating that the properties had previously been conveyed for no consideration to Nyamekeye's corporation to change the form of ownership.  *Id.*; Doc. 691-2.  However, the Affidavits were executed on March 4, 2015, six days after the Petermark mortgage closed.  *Id.* at 9.

A criminal complaint was filed against Meiri, among others, on May 20, 2015.  Doc. 1.  Approximately three years later, on April 10, 2018, Amir Meiri pled guilty to Count One of the Indictment pursuant to a plea agreement with the Government in which he agreed to forfeit all right, title, and interest in the Premises, among other properties, to the United States.  Doc. 292.  The Court subsequently entered a preliminary order of forfeiture as to the Premises, among other properties.  *Id.*  On October 17, 2018, Petermark petitioned the Court for an ancillary hearing to adjudicate their interest in the Premises pursuant to 21 U.S.C. § 853(n).  Doc. 440.  The Court granted Petermark leave to file a motion for summary judgment on the petition, which Petermark filed on January 31, 2020.  Doc. 679.

**B.  State Court Proceedings**

Petermark and Nyamekye have also been parties to a parallel action against Launch regarding these two properties in King County Supreme Court, New York.  Doc. 758-1.  In that action, captioned *Nyamekye Holding Corp. v. Launch Development, LLC*, Nyamekye sought to

---

[1] "Presenter" signifies the party submitting the transaction to the City Register.  "Returns To" indicated the party to which the City Register returns the document.  Doc. 690 at 8.

quiet title to the properties due to Amir Meiri and Launch's fraud in obtaining title from them. *Id.* at 2.  Petermark intervened in the action as a Defendant and then moved for summary judgment to dismiss the complaint against them, in part on the basis that they are a bona fide incumbrancer for value.  *Id.* at 4, 7.  The Kings County court decided that Petermark had shown that they are bona fide purchaser for value through Pnini's testimony, which showed that it granted Launch a $700,000 mortgage on the properties without constructive or actual notice of Launch's alleged fraud.  *Id.* at 11.  The court explained:

> It is undisputed that the oral agreement between Nyamekye and Launch regarding the deeds to the Properties was never recorded.  There is no evidence to suggest that Petermark possessed any facts that would have excited the suspicion of an ordinarily prudent person.  The opposing affirmation of Nyamekye's counsel, which lacks any evidentiary value, is insufficient to raise an issue of fact to preclude summary judgment.

*Id.* at 11–12.  The court thus granted Petermark's motion for summary judgment dismissing Nyamekye's complaint as against Petermark "because Petermark is a bona fide incumbrancer for value and its recorded mortgage is not subject to Nyamekye's unrecorded claim against Launch." *Id.* at 12.

## II.     LEGAL STANDARD

Criminal forfeiture proceedings are governed by Section 853 of Title 21 of the U.S. Code and Federal Rule of Criminal Procedure 32.2.  After a conviction or guilty plea, "the court must determine what property is subject to forfeiture under the applicable statute [and] promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property."  Fed. R. Crim. Pr. 32.2.  Such an order is entered "without regard to any third party's interest in the property.  *Id.*

A third party may then claim an interest in the property in an ancillary proceeding. by "petition[ing] the court for a hearing to adjudicate the validity of his alleged interest in the

property." 21 U.S.C. § 853(n)(2).  A petitioner can demonstrate a valid interest in property

subject to forfeiture by showing that one of two conditions applies:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section[.]

21 U.S.C. § 853(n)(6).  The petitioner bears the burden of proof and must establish by a

preponderance of the evidence that one of these two conditions applies.  *Id.*; *Pacheco v.*

*Serendensky*, 393 F. 3d 348, 351 (2d Cir. 2004).  If the petitioner meets this burden, the forfeiture

order must be amended to exempt the third-party interest.  21 U.S.C. § 853(n)(6); *United States*

*v. King*, No. 10 CR 122 (JGK), 2012 WL 2261117, at *5 (S.D.N.Y. June 18, 2012).  When the

ancillary proceeding concludes, the Court enters a final order of forfeiture.  Fed. R. Crim. Pr.

32.2(c)(2).  The Court may forego an ancillary hearing by allowing parties to move for summary

judgment.  *King*, 2012 WL 2261117, at *5.

A motion for summary judgment on criminal forfeiture petitions is governed by Rule 56

of the Federal Rules of Civil Procedure.  Summary judgment is appropriate where "the movant

shows that there is no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a).  "An issue

of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the

non-moving party."  *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467

(S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir.

2009)).  A fact is "material" if it might affect the outcome of the litigation under the governing

law.  *Id.*  The party moving for summary judgment is first responsible for demonstrating the

absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986).  If the moving party meets its burden, "the nonmoving party must come forward with

admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary

judgment."  *Saenger v. Montefiore Med. Ctr.*, 706 F. Supp. 2d 494, 504 (S.D.N.Y. 2010)

(internal quotation marks omitted) (citing *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d

Cir. 2008)).

In deciding a motion for summary judgment, the Court must "'construe the facts in the

light most favorable to the non-moving party and must resolve all ambiguities and draw all

reasonable inferences against the movant.'"  *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir.

2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).  However,

in opposing a motion for summary judgment, the non-moving party may not rely on unsupported

assertions, conjecture, or surmise.  *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d

14, 18 (2d Cir. 1995).  To defeat a motion for summary judgment, "the non-moving party must

set forth significant, probative evidence on which a reasonable fact-finder could decide in its

favor."  *Senno*, 812 F. Supp. 2d at 467–68 (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 256–

57 (1986)).

## III.    DISCUSSION

### A.  <u>State Court Decision</u>

Petermark argues that the state court order holding that Petermark is a bona fide

incumbrancer is binding on the Government for purposes of their motion for summary judgment

because the Government is in privity with Nyamekye.  Doc. 758; Doc. 791.  The Government

argues that they are not in privity with Nyamekye in the Kings County litigation and therefore

the order has no binding effect on the Government.  Doc. 827 at 1.

The federal doctrine of *res judicata*, or claim preclusion, can preclude a party from asserting a claim in subsequent litigation if:  "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Bey v. City of New York*, 454 F. App'x 1, 3 (2d Cir. 2011).  Privity exists when the interests of the nonparty were adequately represented in the initial action.  *Waldman v. Vill. of Kiryas Joel*, 39 F. Supp. 2d 370, 382 (S.D.N.Y. 1999), *aff'd*, 207 F.3d 105 (2d Cir. 2000).  A nonparty's interests can be adequately represented when they had a sufficiently close relationship with a defendant in the prior action to support preclusion, *id*, or "where the interests involved in the prior litigation are virtually identical to those in later litigation."  *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995).  Pursuant to the Full Faith and Credit statute, 28 U.S.C. § 1738, federal courts are required "to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982).

The Government was not a party to the Kings County action, so claim preclusion would only apply if the Government was in privity with Nyamekye in that action.  The Government argues they were not in privity with Nyamekye because it has more of an interest in the properties than Nyamekye because the criminal action it prosecuted involved dozens of properties fraudulently obtained by the Meiris.  Doc. 827 at 2.  They argue that the state court should have considered Petermark's entire course of dealings with the Meiris and Launch, including their interest in 644 Chauncey Street, another property in which Petermark has filed a

petition asserting an interest in as security for a loan to the Meiris. [2] *Id.* The Government further argues that their interests are clearly not the same as Nyamekye, as Nyamekye failed to provide any evidence of disputed facts, whereas the Government conducted depositions and document discovery concerning these properties, demonstrating a significant interest in the properties. Petermark responds that both the Government and Nyamekye have the same interest of restoring the properties to Nyamekye, and the Government is therefore an agent for Nyamekye, creating privity. Doc. 828 at 2; *see also Cho v. Blackberry Ltd.*, 991 F.3d 155, 169 (2d Cir. 2021) (stating that privity bars relitigation of the same issue where the new defendant is the old defendant's agent). However, the Government has clearly stated that they are "not simply motivated to return the property to Nyamekye" and instead also want to develop evidence for related forfeiture proceedings, among other interests. Doc. 827 at 2. The Court finds that the Government's interests are not identical to Nyamekye's. There was no privity between Nyamekye and the Government, and accordingly the Government is not bound by the state court decision.[3]

### B. Bona Fide Incumbrancer

Under federal law, to be a bona fide purchaser, a party must show that they were "reasonably without cause to believe that the property was subject to forfeiture." 21 U.S.C. § 853(n)(6)(B). The factfinder applies an objective test examining "not merely whether the petitioner had knowledge of the forfeitability of the asset but whether the petitioner reasonably held the belief that the property was not subject to forfeiture." *King*, 2012 WL 2261117, at *8

---

[2] The Government has separately opposed Petermark's separate motion for summary judgment, Doc. 796, which it brought jointly with Advill Capital LLC, on 644 Chauncey Street. Doc. 807.

[3] The Government also argues that the issues were not identical in the state action. Doc. 827 at 1–2. However, it is not necessary to address that argument since the Court has determined that *res judicata* does not apply due to a lack of privity.

(internal citation and quotation omitted).  Where there are "red flags" indicating fraud that might

subject a property to forfeiture, a petitioner is required "to conduct further inquiry before seeking

to obtain an interest" in the property.  *United States v. Dreier*, 952 F. Supp. 2d 582, 588 (S.D.N.Y.

2013).

      Petermark argues that they had no notice of fraud at the time of the mortgage.  Doc. 683

at 10.  They argue that Petermark's mortgage was recorded months prior to the criminal

complaint and there was no other information that should have alerted them to the fraud

regarding the Premises.  *Id.*

      The Government argues that Petermark had reason to know or to question the fraudulent

nature of Launch's ownership of the Premises, creating a material issue of fact warranting denial

of Petermark's motion for summary judgment.  Doc. 690 at 5.  Specifically, they argue that the

transfers from Nyamekye Holding to Launch were "rife with fraud" and Petermark, an entity "in

the business of mortgage lending," failed to reasonably investigate the red flags before extending

their mortgage.  *Id.* at 14.  They suggest several red flags.  First, they argue the two properties

were transferred to Launch in two separate transactions two months apart, and there was "no

reason a single building on two lots would be transferred in stages."  Second, the deeds listed

HASNY both in the "Presenter" and in the "Return To" fields, where typically the seller or title

agent would be in the "Presenter" field and the buyer or representative would be in the "Return

To" field.  Third, Pnini, Petermark's sole employer, visited Launch's office which contained

signage for HASNY.  Fourth, the Title Report on 2148 Fulton showed low consideration of

$1,000 for a multi-family unit with a storefront.  Fifth, the Title Report suggested that additional

information should be obtained prior to closing, but Petermark closed on the loan prior to the

submission of Nyamekye's Affidavits.  Sixth, the Affidavits show a sale price of $1,000 subject

to the existing mortgages, which would not make economic sense to the Nyamekyes who had a mortgage of $500,000 on Premises valued at at least $700,000, as evidenced by the value of Petermark's loan to Launch.  Seventh, one of Nyamekye's Affidavits stated that he owned part of Launch, which Petermark knew was inaccurate but did not investigate.  Eighth, the Title Report did not mention 2146 Fulton at all.  Together, the Government argues that these irregularities indicate that Launch obtained the Premises through illegal means and Petermark failed to fulfill their duty of reasonable inquiry by not investigating these irregularities.

Petermark responds through an Affidavit of Mark Pnini that, although the title agent marked up only the Title Report for one of the lots, the chains of title for both lots were searched and nothing in those chains would have raised inquiry notice of Meiri's criminal enterprise.  Doc. 696 at 2.  They also argue that, although the Affidavits were submitted after closing, Launch deposited money in escrow with the title agent pending receipt of the affidavits.  *Id.* at 3. Petermark further argues that a no-consideration deed does not raise inquiry notice of fraud, citing *Miner v. Edwards*, 634 N.Y.S.2d 306, 307 (N.Y. App. Div. 1995).  However, *Miner* made that finding in the context of a mother making a conveyance of property to her daughters as a gift without consideration, a context which is quite distinct from the one at hand.  Petermark further argues that the deeds were not for no consideration, as they were subject to another mortgage and open liens that Launch paid.  *Id.* at 5.  They also argue that Pnini had no way to know of HASNY's relation to Launch.  *Id.*

The Court finds that the Government has established a triable issue of fact as to whether Petermark should have known of fraudulent conduct rendering the Premises forefeitable. Therefore, Petermark has not established as a matter of law that they are a bona fide

incumbrancer with a valid interest in the Premises under 21 U.S.C. § 853(n)(6). Their motion for summary judgment on this ground is thus DENIED.

### C. Equitable Subrogation

Petermark argues that, in the event the court does not find them to be a bona fide incumbrancer, they are still entitled to equitable subrogation in the amount of $4,662.54 plus interest from March 4, 2015 for prior liens against the Premises that were satisfied through Petermark's loan proceeds. Doc. 683 at 12. "The doctrine of equitable subrogation provides that a mortgagee who pays off a prior mortgage without knowledge of the existence of an intervening lien may have its rights subrogated to the rights of the senior mortgage and thus gain priority over the intervening lien holder." *United States v. Serendensky*, No. S2 00 Cr. 320 (JGK), 2003 WL 21543519, at *7 (S.D.N.Y. July 9, 2003), *vacated and remanded on other grounds sub nom. Pacheco v. Serendensky*, 393 F.3d 348 (2d Cir. 2004).

The Government responds that equitable subrogation is not available under 21 U.S.C. § 853(n)(6), which provides the only two means by which a party may assert an interest in forfeited property. In the alternative, the Government argues that if equitable subrogation does apply, Petermark is not entitled to summary judgment on this claim because Petermark had knowledge of underlying fraud before granting the mortgage.

None of the cases Petermark cites in support of their claim for equitable subrogation contain such a claim in the context of a criminal ancillary proceeding. *See King v. Pelkofski*, 229 N.E.2d 435 (N.Y. 1967); *Lucia v. Goldman*, 44 N.Y.S.3d 89 (N.Y. App. Div. 2016); *Harris v. Thompson*, 985 N.Y.S.2d 713 (N.Y. App. Div. 2014). However, assuming without deciding that a claim for equitable subrogation is appropriate in a forfeiture ancillary proceeding, the Court finds that the Government has raised a material issue of fact as to Petermark's knowledge of

underlying fraud that requires denial of summary judgment on their claim for equitable

subrogation.  Subrogation is only appropriate to prevent unjust enrichment where the person

seeking subrogation has performed an obligation due to misrepresentation, mistake, duress,

undue influence, deceit, or other similar imposition.  *GMAC Mortg., LLC v. Orcutt*, 506 B.R. 52,

71 (D. Vt. 2014) (citing Restatement (Third) of Property (Mortgages) § 7.6(b)(3)).  If Petermark

knew of the underlying fraud, they are not entitled to subrogation, so the same factual issue

preventing a grant of summary judgment on their claim as a bona fide incumbrancer prevents the

Court from granting subrogation on the claim of equitable subrogation here.

## IV.    CONCLUSION

For the above reasons, Petermark's motion for summary judgment is DENIED.  The

Clerk of Court is respectfully requested to terminate the motion, Doc. 679.


It is SO ORDERED.


Dated:    November 23, 2021
          New York, New York

_____
                    EDGARDO RAMOS, U.S.D.J.