UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
UNITED STATES OF AMERICA                  :           **FINAL ORDER OF FORFEITURE**
:
     -v.-                                      :           S4 15 Cr. 627 (ER)
:
AMIR MEIRI,                               :
:
        Defendant.                    :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: __1/11/2022__

WHEREAS, on or about April 16, 2018, the Court entered a Consent Preliminary

Order of Forfeiture as to Specific Properties (the "Preliminary Order of Forfeiture") (D.E. 292),

which ordered the forfeiture to the United States of all right, title and interest of AMIR MEIRI (the

"Defendant") in, among other things, the following property:

i.      All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 163 Madison Street, Brooklyn, NY 11216 (listed as item number 6) (the "Madison Street Property");

ii.     All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 531 Halsey Street, Brooklyn, NY 11233 (listed as item number 7) (the "Halsey Street Property");

iii.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 964 East 107th Street, Brooklyn, NY 11236 (listed as item number 14) (the "East 107th Street Property");

iv.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 5316 Ave L, Brooklyn, NY 11234 (listed as item number 15) (the "Ave L Property");

v.     All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 892 Linden Blvd, Brooklyn, NY 11203 (listed as item number 18) (the "Linden Blvd Property");

vi.  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 963 East 95th Street, Brooklyn, NY 11236 (listed as item number 19) (the "East 95th Street Property"); and

vii.  $442,345.85 held in escrow by Joseph DeGaetano, Esq. (listed as item number 35);

(i. through vii. collectively, the "Specific Property");

WHEREAS, on or about April 16, 2018, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Herzel Meiri Preliminary Order of Forfeiture") (D.E. 293), which ordered the forfeiture to the United States of all right, title and interest of HERZEL MEIRI in, among other things, the Specific Property;

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on May 3, 2018 for thirty (30) consecutive days, through June 1, 2018, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on May 30, 2019 (D.E. 574);

WHEREAS, between September 26, 2018 and November 30, 2018, notice of the Preliminary Order of Forfeiture was sent by certified mail, return receipt requested, to:

    a.  Ariela Meiri, ███████████, Great Neck, NY 11021;
    b.  Associated Financial Services Company, 250 East Carpenter Freeway, Irving, TX 75062;
    c.  Bank of New York, 101 Barclay St, 7 West, New York, NY 10286;
    d.  Cenceria Edwards, Esq., Attorney for Thomas E. Benifield, 1047A Fulton Street, Brooklyn, NY 11238;
    e.  City of New York, Department of Finance, 1 Centre St, New York, NY 10007;
    f.  Criminal Court City of NY, 120 Schermerhorn St, Brooklyn, NY 11201;
    g.  Danny Marcano, ███████████, Brooklyn, NY 11216;
    h.  Environmental Control Board, 66 John St, 10th Floor, New York, NY 10038;
    i.  First United Mortgage Banking Corp, 61 Jericho Turnpike, Jericho, NY 11753;
    j.  Fleet Finance & Mortgage Inc, 1960 Diary Road, W. Melbourne, FL 32904;
    k.  Horatio Management, 964 East 107th Street, Brooklyn, NY 11236;
    l.  Internal Revenue Service, 135 High St, Stop 155, Hartford, CT 06103;
    m.  Internal Revenue Service, Cincinnati IRS Campus, P.O. Box 145595, Cincinnati, OH 45250-5595;
    n.  Jamie C. Krapf, Rosenberg & Estis, PC, 733 Third Ave, New York, NY 10017;
    o.  Joseph Clark & Jacqueline Knigts, 963 E 95th St, Brooklyn, NY 11236;
    p.  Launch Development LLC, 531 Halsey St, Brooklyn, NY 11233;
    q.  Launch Development LLC, 157 Lenox Rd, Brooklyn, NY 11226;
    r.  Launch Development LLC, 2146-2148 Fulton St, Brooklyn, NY 11233;
    s.  Launch Development LLC, 329 Beach 45th St, Far Rockaway, NY 11691;
    t.  Launch Development LLC, 454 Willoughby, Brooklyn, NY 11206;

u.   Launch Development LLC, 69 Horatio St - Unit 2F, New York, NY 10014;

v.   Lend America, 201 Old Country Rd, Ste 101, Melville, NY 11747;

w.   Martin Development & Management, 963 E 95th St, Brooklyn, NY 11236;

x.   Martin Development & Management LLC, 892 Linden Blvd, Brooklyn, NY 11203;

y.   Martin Development & Management LLC, 23 Martin Ct, Great Neck, NY 11024;

z.   Martin Devlopment & Management, LLC, 5316 Ave L, Brooklyn, NY 11234;

aa.  MERS, PO Box 2026, Flint, MI 48501;

bb.  NY State of Taxation and Finance, W A Harriman State Campus, Albany, NY 12227;

cc.  NYC Department of Finance, 66 John St, New York, NY 10038;

dd.  City of New York, Department of Finance, 1 Centre St, New York, NY 10007;

ee.  Opteum Finacial Services, DBA Homestar Direct, W115 Century Rd, Paramus, NJ 07652;

ff.  Option One Mortgage Corp, 3 Ada, Irvine, CA 92618;

gg.  Sovereign Bank, 1130 Berkshire Blvd, Wyominssing, PA 19610;

hh.  Thomas E. Benifield, ███████, Brooklyn, NY 11233;

ii.  City of New York Transit Adjudication Bureau, 130 Livingston St, Brooklyn, NY 11201; and

jj.  Wells Fargo Bank NA Trustee for OOMC Trust, 9062 Old Annapolis Rd, Columbia, MD 21045;

(collectively, the "Noticed Parties").

WHEREAS, on or about July 2, 2018, Albert Danny Marcano ("Marcano") filed a petition for a hearing to adjudicate the validity of his alleged interest in the Madison Street Property (D.E. 365);

WHEREAS, on or about November 16, 2018, NYCTL 1998-2 Trust and the Bank of New York Mellon as Collateral Agent and Custodian (collectively, "NYCTL") filed a petition for a hearing to adjudicate the validity of their alleged interest in, among other things, the Madison Street Property (D.E. 486);

WHEREAS, on or about November 9, 2021, the Court entered a Stipulation and Settlement withdrawing the petitions of Marcano and NYCTL as to the Madison Street Property (D.E. 825);

WHEREAS, on or about September 26, 2018, Leonard M. Ross as co-Executor of the Estate of Thomas Benifield ("Ross") filed a petition for a hearing to adjudicate the validity of his alleged interest in the Halsey Street Property (D.E. 434);

WHEREAS, on or about June 10, 2020, the Court entered a Stipulation and Order of Withdrawal of Petition of Leonard M. Ross as Co-Executor of the Estate of Thomas Benifield as to the Halsey Street Property (D.E. 712);

WHEREAS, on or about September 18, 2018, Stanley G. Dias and Esmelin E. Dias ("Mr. and Mrs. Dias") filed a petition for a hearing to adjudicate the validity of their alleged interest in the East 107th Street Property (D.E. 428);

WHEREAS, on or about November 8, 2018, Ocwen Loan Servicing LLC ("Ocwen") filed a petition for a hearing to adjudicate the validity of their alleged interest in the East 107th Street Property (D.E. 472);

WHEREAS, on or about August 12, 2020, the Court entered a Stipulation and Order withdrawing the petitions of Mr. and Mrs. Dias and Ocwen as to the East 107th Street Property (D.E. 730);

WHEREAS, on or about September 11, 2020, Ann Marie M. Jolivin and Antoine A. Jolivin ("Mr. and Mrs. Jolivin") filed a petition for a hearing to adjudicate the validity of their alleged interest in the Ave L Property (D.E. 737);

WHEREAS, on or about February 4, 2021, the Court entered a Stipulation and Order of Withdrawal of Petition of Marie M. Jolivin and Antoine A. Jolivin as to the Ave L Property (D.E. 778);

WHEREAS, on or about July 2, 2018, Patricia Black and Howard Black ("Mr. and Mrs. Black") filed a petition for a hearing to adjudicate the validity of their alleged interest in the Linden Blvd Property (D.E. 366);

WHEREAS, on or about November 8, 2018, Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2007-6, Asset-Backed Certificates, Series 2007-6 care of Ocwen Loan Servicing, LLC (collectively, "Wells Fargo") filed a petition for a hearing to adjudicate the validity of their alleged interest in the Linden Blvd Property (D.E. 468);

WHEREAS, on or about November 24, 2021, the Court entered a Stipulation and Order withdrawing the petitions of Mr. and Mrs. Black and Wells Fargo as to the Linden Blvd Property (D.E. 833);

WHEREAS, on or about July 2, 2018, Joseph Clarke and Jacqueline Knights ("Clarke and Knights") filed a petition for a hearing to adjudicate the validity of theiralleged interest in the East 95th Street Property (D.E. 361);

WHEREAS, on or about November 8, 2018, Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2007-4, Asset-Backed Certificates, Series 2007-4 care of Ocwen Loan Servicing, LLC (collectively, "Wells Fargo 2") filed a petition for a hearing to adjudicate the validity of their alleged interest in the East 95th Street Property (D.E. 467);

WHEREAS, on or about November 17, 2021, the Court entered a Stipulation and Order withdrawing the petitions of Clarke and Knights and Wells Fargo 2 as to the East 95th Street Property (D.E. 830);

WHEREAS, no other petitions to contest the forfeiture as to the Specific Property have been filed or made in this action, no other parties have appeared to contest the action to date, and the statutory time periods for doing so, as set forth in Title 21, United States Code, Section 853(n)(2), have expired;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property following the Court's disposition of all petitions filed under Title 21, United States Code, Section 853(n);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.      Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3.      The United States Marshals Service (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
      January 11    , 2022

SO ORDERED:

_____
HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

7