UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

AMIR MEIRI,

Defendant.

**ORDER**

15 Crim. 627 (ER)

---

Ramos, D.J.:

     Amir Meiri was sentenced to 60 months imprisonment and 3 years of supervised release on November 20, 2018 for convictions of conspiracy to commit wire fraud and bank fraud. Meiri completed his term of imprisonment on December 3, 2021 and has been on supervised release since that date. On April 28, 2022, Meiri submitted a motion for early termination of supervised release. Doc. 858. On May 4, 2022, the U.S. Probation Department recommended that the Court not grant early termination. The government also opposed the motion on May 5, 2022. Doc. 860. For the reasons stated herein, Meiri's motion is denied.

### I.    LEGAL STANDARD

     The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). In determining whether early termination is warranted, the Court must consider certain factors listed in 18 U.S.C. § 3553(a), which bear on "deterrence, public safety, rehabilitation, proportionality, and consistency[.]" *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997). In addition, early termination is warranted only where "new or unforeseen circumstances" arise that "render a previously imposed term either too harsh or inappropriately tailored to serve the general punishment goals[.]" *Id.* at 36. These circumstances

include, *inter alia*, "exceptionally good behavior," *id.*, or detriment to one's employment prospects. *United States v. Harris*, 689 F. Supp. 2d 692, 694–96 (S.D.N.Y. 2010).

I. **DISCUSSION**

Meiri represents that his employment is hindered by his supervision requirements, as his job at Lendbug, a merchant cash advance business, requires him to meet with clients on short notice to resolve their financial problems. Doc. 858 at 2. His supervision requires him to obtain permission to travel domestically with ten days' notice, impeding his ability to perform optimally. *Id.*

The government opposes the motion, arguing that Meiri has provided no evidence of instances in which requests to travel were denied. Further, the government understands that no such requests to travel for work have been made, but that Probation has agreed to work with Meiri to approve work-related travel. Therefore, they argue there are no new circumstances warranting early termination. Similarly, Probation did not recommend early termination and has represented that Meiri may request travel outside of the required time frame if he can provide verification of travel for work purposes. Indeed, Probation indicates that they have approved travel for Meiri for leisure or to visit family despite previous failures to abide by the travel request policy. Further, because over six million dollars in restitution remains outstanding and Meiri has continued to litigate against victims of this case in state court, Probation believes that continued supervision will best ensure justice.

The Court agrees that there are no new conditions here warranting early termination. Meiri has not demonstrated detriment to his employment prospects. Accordingly, the motion is denied.

II. **CONCLUSION**

For the foregoing reasons, the motion for early termination of supervised release is DENIED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 858.

It is SO ORDERED.

2

Dated: May 6, 2022
      New York, New York

EDGARDO RAMOS, U.S.D.J.

3