UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :
UNITED STATES OF AMERICA              :
                                      :        STIPULATION AND ORDER
            - v. -                    :
                                      :        S4 15 Cr. 627 (ER)
AMIR MEIRI,                           :
                                      :
            Defendant.                :
                                      :
------------------------------------- x
                                      :
ROBERT PRESSLEY,                      :
                                      :
            Petitioner.               :
                                      :
------------------------------------- x
                                      :
BAYPORT FUNDING LLC,                  :
                                      :
            Petitioner.               :
                                      :
------------------------------------- x
                                      :
U.S. BANK NATIONAL ASSOCIATION, AS    :
TRUSTEE FOR RESIDENTIAL ASSET         :
SECURITIES CORPORATION, HOME          :
EQUITY MORTGAGE ASSET-BACKED          :
PASS-THROUGH CERTIFICATES, SERIES     :
2005-AHL2 CARE OF OCWEN LOAN          :
SERVICING, LLC,                       :
                                      :
            Petitioner.               :
                                      :
------------------------------------- x

EDGARDO RAMOS, District Judge:

        WHEREAS, on or about November 1, 2016, AMIR MEIRI (the "Defendant"), among others, was charged in four counts of a five-count Superseding Indictment, S4 15 Cr. 627 (ER) (the "Indictment"), with conspiracy to commit wire fraud and bank fraud in connection with

the conduct of telemarketing, in violation of Title 18, United States Code, Section 1349 (Count One); money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count Two); money laundering, in violation of Title 18, United States Code, Sections 1957(a) and 2 (Count Three); and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2 (Count Four) (D.E. 159);

WHEREAS, the Indictment included a forfeiture allegation as to Count One, among other forfeiture allegations, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment;

WHEREAS, on or about May 9, 2016, the United States filed a Bill of Particulars identifying certain properties subject to forfeiture as property that constitutes or is derived from proceeds traceable to the commission of the offense charged in the Indictment, among them the following property listed as item thirty-four (34) therein:

   a.   All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 189-05 Dormans Road, St. Albans, NY 11412,

(the "Subject Property") (D.E. 117);

WHEREAS, on or about April 10, 2018, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all right, title and interest of the Defendant in, among other things, the Subject Property;

WHEREAS, on or about April 16, 2018, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property ("Preliminary Forfeiture Order"), which in relevant part, ordered the forfeiture to the United States of all of Defendant's right, title and interest in the Subject Property, listed as item twenty-eight (28) therein, as property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment (D.E. 292);

WHEREAS, the provisions of Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the intent of the United States to dispose of the Subject Property before the United States can have clear title to the Subject Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Subject Property was posted on an official government internet site (www.forfeiture.gov) beginning on May 3, 2018 for thirty (30) consecutive days, through June 1, 2018, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on May 30, 2019 (D.E. 574);

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(2) the deadline to file a petition with the Court asserting a legal interest in the Subject Property expired on March 4, 2019;

WHEREAS, on or about June 26, 2018, Bayport Funding, LLC ("Bayport") filed a verified petition with this Court claiming an ownership interest in the Subject Property (the "Bayport Petition") (D.E. 353);

WHEREAS, on or about November 7, 2018, U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-AHL2 care of Ocwen Loan Servicing, LLC (collectively, "Ocwen") filed a verified petition with this Court claiming an ownership interest in the Subject Property (the "Ocwen Petition") (D.E. 470);

WHEREAS, on or about November 16, 2018, ROBERT PRESSLEY ("Mr. Pressley," and together with Bayport and Ocwen, the "Petitioners") filed a verified petition with this Court claiming an ownership interest in the Subject Property (the "Pressley Petition") (D.E. 493);

WHEREAS, no claims to the Subject Property, other than the Bayport Petition, the Ocwen Petition and the Pressley Petition, have been filed with this Court;

WHEREAS, the United States Attorney's Office for the Southern District of New York, Mr. Pressley, Bayport, and Ocwen have agreed, in order to avoid litigation, to resolve the Petitioners' respective claims to the Subject Property on the terms and conditions set below;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Sebastian Swett of counsel, Mr. Pressley, and his counsel, Christopher Newton, Esq., Bayport, and their counsel, Sally Sancimino, Esq., and Ocwen, and their counsel, Jordan W. Schur, Esq. (collectively, the "Parties") that:

1. Mr. Pressley hereby withdraws the Pressley Petition as to the Subject Property, without prejudice to his rights as a victim, or his right to file a petition for remission or mitigation of the forfeiture, pursuant to the procedures set forth in Title 28, Part 9, of the Code of Federal Regulations.

2. Bayport hereby withdraws the Bayport Petition as to the Subject Property.

3. Ocwen hereby withdraws the Ocwen Petition as to the Subject Property.

4. The Government hereby represents that it will submit a Petition for Remission for the Subject Property (the "Petition for Remission") to the Money Laundering and Asset Recovery Section ("MLARS") of the United States Department of Justice on behalf of Mr. Pressley.

5. Upon the entry of a Final Order of Forfeiture as to the Subject Property, the Government will execute a deed and necessary transfer documents to convey legal title of the Subject Property to Mr. Pressley or their designee. ("Deed and Transfer Documents") The executed Deed and Transfer Documents will be delivered to Timothy Kilgannon, Esq. of the law firm of Rossi, Crowley, Sancimino & Kilgannon, LLP ("Escrowee") to be held in escrow.

6. The Parties hereby agree that upon entry of this Stipulation and Order, entry of a Final Order of Forfeiture as to the Subject Property, and the Government's delivery of the Deed and Transfer Documents to the Escrowee, Mr. Pressley and his assigns/beneficiaries/distributees agree to pay the following in certified funds within 45 days of the delivery of the Deed and Transfer Documents by the Government: to Bayport the total sum of $195,000, to Ocwen the total sum of $15,000, and to the City of New York any outstanding taxes (which are currently $39,604.15) ("Settlement Payments"), in full satisfaction and release of any and all claims Bayport and Ocwen have against Mr. Pressley and the Subject Property.

7. Upon payment of the Settlement Payments and or simultaneously therewith, the Escrowee shall deliver the Deed and Transfer Documents to Pressley, the parties shall also execute a Stipulation of Discontinuance with Prejudice discontinuing the New York State Supreme Court Queens County action (Index No. 13610/10)

8.      The Parties herein agree to cooperate to execute any and all necessary documents to consummate this transaction.

9.      In consideration of the covenants hereinabove and hereinafter stated, the Pressley, Bayport Funding and Ocwen/U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-AHL2 CARE OF OCWEN LOAN SERVICING, LLC, each, for themselves, and for their respective successors, legal representatives, parent companies, subsidiaries and affiliates, officers, fiduciaries, members, employees, agents, heirs, distributees, attorneys, and assigns, hereby release and discharge each other, for themselves and their respective successors, legal representatives, parent companies, subsidiaries and affiliates, officers, fiduciaries, members, employees, agents, heirs, distributees, attorneys, and assigns, of and from any and all actions, causes of action, claims, cross claims, counterclaims, third party claims, obligations, costs, losses, liabilities, damages, agreements, covenants, understandings, suits, debts, variances, trespasses, accounts, controversies, promises, expenses, attorneys' fees and demands of whatsoever character, whether or not known, suspected or claimed, asserted or unasserted, which they, or either of them, or any of them, has had or hereafter may have, against the other, from the beginning of time to the date of this Agreement, incurred or sustained in connection with the Subject Property. Notwithstanding the foregoing, specifically excluded from this release is the performance by the Parties to this Agreement of their respective obligations under this Agreement.

10.     Mr. Pressley, Bayport, and Ocwen are hereby barred from asserting any claim against the United States Attorney's Office for the Southern District of New York ("USAO-SDNY"), Department of Justice ("DOJ"), the Federal Bureau of Investigations ("FBI"), the United

States Marshals Service ("USMS"), or agents and employees of the USAO-SDNY, the DOJ, the FBI and the USMS in connection with the seizure and/or possession of the Subject Property, including but not limited to any claim that there was no probable cause to seize and hold the Subject Property, or for costs or attorney's fees.

11. The Parties hereby waive all rights to challenge or contest the validity of this Stipulation and Order.

12. This Stipulation and Order shall in no way be deemed an admission of culpability, liability, or guilt on behalf of Mr. Pressley or Bayport or Ocwen, or any of their respective agents, contractors, officers, or employees, past and present.

13. Pressley shall pay transfer and recording costs related to the Deed and Transfer Documents. Each party shall bear its own costs and attorney's fees.

14. This Stipulation and Order constitutes the complete agreement of the Parties and may not be amended without express written authorization from all Parties.

15. The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Fax copies shall be treated as originals.

16. This Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

**AGREED AND CONSENTED TO:**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____*Sheb Swett*_____     8/1/2022
SHEB SWETT                        DATE
Assistant United States Attorney
One St. Andrew's Plaza

New York, NY 10007

ROBERT PRESSLEY
Petitioner

By: *Robert Pressley*       7-18-22
     ROBERT PRESSLEY       DATE

By: *[signature]*       7/18/22
     CHRISTOPHER NEWTON, ESQ.       DATE
     Queens Legal Services
     89-00 Sutphin Boulevard, 5th Fl
     Jamaica, NY 11435
     *Attorney for Petitioner Mr. Pressley*

BAYPORT FUNDING, LLC,
Petitioner

By: *Timothy Kilgannon*       7/18/22
     TIMOTHY KILGANNON, ESQ.       DATE
     Rossi Crowley Sancimino & Kilgannon, LLP
     42-24 235th Street
     Douglaston, NY 11363
     *Attorney for Petitioner Bayport Funding LLC*

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIES CORPORATION, HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-AHL2 CARE OF OCWEN LOAN SERVICING, LLC,
Petitioner

By: *[signature]*       7/18/22
     JORDAN W. SCHUR, ESQ.       DATE
     Houser LLP
     60 East 42nd Street, Suite 2330
     New York, NY 10165
     *Attorney for Petitioner Ocwen*

SO ORDERED:

*[signature]*
Edgardo Ramos, U.S.D.J
Dated: 8/2/2022
New York, New York