UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                              Plaintiff,

        –against–

HERZEL MEIRI and AMIR MEIRI,

                              Defendants.

_____

PETERMARK II LLC,

                Third-Party Petitioner,

(Re: Specific Property: 2146-2148 Fulton Street,
Brooklyn, New York) Asset ID: 18-FBI-0032875

**ORDER**

15 Cr. 627 (ER)

RAMOS, D.J.:

        In January 2020, Third-Party Petitioner Petermark II LLC moved for summary judgment to amend the preliminary order of forfeiture concerning properties at 2146 Fulton Street, Brooklyn, New York 11233, Block 1551, Lot 52, and 2148 Fulton Street, Brooklyn, New York 11233, Block 1151, Lot 53 (collectively, "the Premises"). The Court denied Petermark's motion. Petermark has moved for reconsideration of that order. For the reasons set forth below, Petermark's motion for reconsideration is DENIED.

## I.   BACKGROUND

        The factual background and procedural history pertinent to this motion are described in the Court's previous order. *United States v. Meiri*, No. 15 Cr. 627 (ER), 2021 WL 5494771, at *1–2 (S.D.N.Y. Nov. 23, 2021); *see* Doc. 831. The Court provides a short summary of the relevant details here.

        From around January 2013 to May 2015, Herzel and Amir Meiri—two of the defendants in the underlying criminal action—were part of an entity called Homeowner

Assistance Services of New York (HASNY).  *Meiri*, 2021 WL 5494771, at *1.  Under the guise of providing loan assistance and renegotiation services, HASNY tricked or coerced financially distressed homeowners into selling or deeding their properties to HASNY through various business entities, including Launch Development LLC.  *Id.*

Samuel Nyamekye—the owner of Nyamekye Holding—and his wife Mary Nyamekye were victims of the scheme.  *Id.*  Nyamekye Holding owned the Fulton Street Premises at issue here.  *Id.*  In 2014, the Nyamekyes were tricked into transferring the Premises, which were in foreclosure at the time, to Launch Development.  *Id.*

In February 2015, Petermark loaned Launch Development $700,000 secured by a mortgage on the Premises.  *Id.*  Petermark issued that loan after reviewing a title report, which included a copy of the deed conveying title from Nyamekye Holding to Launch Development and noted that the deed was recorded for no consideration.  *Id.*

A criminal complaint was filed against Amir Meiri and others in May 2015.  *Id.* at *2.  Nearly three years later, in April 2018, Amir Meiri pled guilty to Count One of the indictment and agreed to forfeit all right, title, and interest in the Premises and several other properties to the United States.  *Id.*  The Court entered a preliminary order of forfeiture as to the Premises and the other properties.  *Id.*

Meanwhile, Petermark and Nyamekye Holding have also been parties to a parallel action—against Launch Development—in New York state court concerning the two Fulton Street properties.  *Id.*  In that proceeding, which commenced in June 2015, Nyamekye Holding sought to quiet title to the Premises.  *Id.*  Petermark intervened as a defendant and moved for summary judgment to dismiss the complaint as to itself.  *Id.* The state court held that Petermark was a bona fide encumbrancer for value because it had granted Launch Development a mortgage on the properties without constructive or actual notice of Launch Development's alleged fraud.  *Id.*  Accordingly, the state court granted the motion for summary judgment to dismiss the complaint against Petermark. *Id.*

In October 2018, Petermark petitioned this Court for an ancillary hearing to adjudicate its interest in the Premises pursuant to 21 U.S.C. § 853(n).  *Id.*  The Court granted Petermark leave to move for summary judgment on the petition, and Petermark did so.  *Id.*  Petermark argued that the state court decision—which, again, held that Petermark is a bona fide encumbrancer—binds the government in this action because the government is in privity with Nyamekye Holding.  *Id.* at *3.  The Court rejected that argument, concluding that "the Government's interests are not identical to Nyamekye's." *Id.* at *4.  The Court explained that the government was "'not simply motivated to return the property to Nyamekye' and instead also want[s] to develop evidence for related forfeiture proceedings, among other interests."  *Id.* (quoting Doc. 827 at 2).  Because there is no privity between the government and Nyamekye Holding, the Court concluded, the government is not bound by the state court's decision holding that Petermark is a bona fide encumbrancer.  *Id.*[1]

Petermark has moved for reconsideration of that decision pursuant to Federal Rule of Civil Procedure 60(b).  Doc. 834.

## II.    LEGAL STANDARD

Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances."  *Hines v. BMG Rts. Mgmt. (US) LLC*, No. 20 Civ. 3535 (JPO), 2024 WL 113498, at *4 (S.D.N.Y. Jan. 10, 2024) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)); *see also, e.g.*, *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) (explaining that a motion for relief from judgment under Rule 60(b) is "generally not favored and is properly granted only upon a showing of exceptional circumstances").  "Such relief is available in limited and enumerated circumstances, such as '(1) mistake, inadvertence,

---

[1] The Court also rejected Petermark's summary judgment arguments that it was a bona fide purchaser and that it was entitled to equitable subrogation.  *Meiri*, 2021 WL 5494771, at *4–5.  Petermark has not moved for reconsideration of those issues.

surprise, or excusable neglect . . . or (6) any other reason that justifies relief.'" *Hines*, 2024 WL 113498, at *4 (omission in original) (quoting Fed. R. Civ. P. 60(b)).

"The standard for granting motions pursuant to Rule 60(b) is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Schlafman v. State Univ. of N.Y.*, 541 F. App'x 91, 92 (2d Cir. 2013) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  The Second Circuit has explained "that a Rule 60 motion 'may not be used as a substitute for appeal' and that a claim based on legal error alone is 'inadequate.'" *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 107 (2d Cir. 1986)).  And a motion for reconsideration under Rule 60(b) "is properly denied where it seeks only to relitigate issues already decided." *Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 22 Civ. 2936 (AMD) (JRC), 2023 WL 3159233, at *2 (E.D.N.Y. Apr. 28, 2023) (quoting *Djenasevic v. New York*, No. 17 Civ. 6366 (MKB), 2019 WL 2330854, at *2 (E.D.N.Y. May 30, 2019)). "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court." *SEC v. Neto*, 27 F. Supp. 3d 434, 440 (S.D.N.Y. 2014) (quoting *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012)).

## III.   DISCUSSION

In its motion for reconsideration, Petermark argues that "the Court erred in finding there is no privity between the Government and Nyamekye Holding as relates to Petermark's mortgage and the property subject to this proceeding." Doc. 834-2 at 1. Petermark raises two principal arguments to suggest that reconsideration is warranted.

First, Petermark contends that the government is in privity with Nyamekye Holding because it is the successor to Nyamekye's title in the Premises. *Id.* at 4. Petermark states that courts "have routinely found privity to exist between a grantor and its successors in interest in a premise." *Id.*  In Petermark's view, because 21 U.S.C.

§ 853(c) provides for forfeiture upon the commission of a criminal act, the government obtained title to the Premises in June and August 2014—the dates that Nyamekye Holding deeded the two Fulton Street properties to Launch Development. *Id.* at 1–2, 4–5. At that time, Petermark reasons, the government succeeded in the title interest of Nyamekye Holding and thus is in privity with Nyamekye. *Id.* at 5.

Second, Petermark responds to a series of assertions made by the government and contends that "[n]o argument addresses the fact the Government's rights in the premises cannot exceed the rights of Nyamekye Holding in the Fulton Street Premises." *Id.* at 6. According to Petermark, the government's argument that the state court should have considered Petermark's entire course of dealings with the Meiris and Launch Development does not change the fact that the government is in privity with Nyamekye Holding as the successor in interest. *Id.* at 7. Petermark further argues that both the government and Nyamekye Holding had the same motivation regardless of the extent to which Nyamekye conducted discovery in the state court action. *Id.* at 8. And Petermark says the government's argument that it is motivated to develop evidence for related forfeiture proceedings is "disingenuous" because Petermark—not the government—commenced this proceeding. *Id.*

These arguments are not sufficient for Petermark to carry its substantial burden on a Rule 60(b) motion for reconsideration. As a preliminary matter, "a claim based on legal error alone" is inadequate to warrant relief under Rule 60(b). *United Airlines*, 588 F.3d at 176; *see also, e.g.*, *Laurent v. PricewaterhouseCoopers LLP*, No. 06 Civ. 2280 (JPO), 2018 WL 1940431, at *2 (S.D.N.Y. Apr. 24, 2018) ("Plaintiffs' motion amounts to a claim of legal error, which is not cognizable on a Rule 60(b) motion."). In any event, Petermark's arguments fail on the legal merits as well.

First, the Court is not persuaded by Petermark's contention that the government is in privity because it is the successor to Nyamekye Holding's interest in the Premises. Petermark cites several cases for the proposition that privity extends to parties who are

successors in interest to a property.  Doc. 834-2 at 4–6; *see, e.g.*, *Watts v. Swiss Bank Corp.*, 265 N.E.2d 739, 743 (N.Y. 1970) (explaining that while "the term privity does not have a technical and well-defined meaning," it "includes those who are successors to a property interest").  In *Yeiser v. GMAC Mortgage Corp.*, 535 F. Supp. 2d 413 (S.D.N.Y. 2008), for instance, a company called MERS held the note and mortgage for the plaintiffs' property.  *Id.* at 417.  MERS commenced foreclosure proceedings in state court in July 2004, and judgment of foreclosure and sale was entered in January 2006.  *Id.* at 417–18.  The plaintiffs then sought relief against MERS and multiple loan servicers in a federal court action filed in November 2006.  *Id.* at 419.  But the court found that GMAC, the loan servicer at the time of the foreclosure proceedings, was in privity with MERS in the state court action.  *Id.* at 423.  And GRP, another servicer to whom the loan was transferred from GMAC in May 2005, was also in privity with MERS as a successor in interest.  *Id.*  As a result, claim preclusion barred the plaintiffs' claims against GMAC and GRP in the federal suit.  *Id.*

The circumstances here, however, are different.  Petermark's theory is that the government became the successor in interest to the Premises in June and August 2014— the time of the commission of the criminal acts—because all right, title, and interest in the property vested in the United States under 21 U.S.C. § 853(c).  Doc. 834-2 at 4–5. But Petermark provides no authority to support its claim that the vesting of title in the United States under the forfeiture statute renders the government the successor in interest for purposes of privity.  Furthermore, Petermark seeks to bind the government to the outcome of the state court litigation that began in 2015—*after* the date that, according to Petermark, the United States became the successor in interest to the Premises.  These circumstances are unlike those in other cases where a successor in interest was in privity with another party and thus was bound by the outcome of a prior action in which that party had appeared.  *See, e.g.*, *Yeiser*, 535 F. Supp. 2d at 423.  Here, there was no prior action to speak of at the time that Petermark asserts the government took title.  So even if

the government were considered the successor in interest in 2014, Petermark fails to explain why the government would be bound by proceedings that began after that date.[2] In short, Petermark has not provided any persuasive support for its position that, in these circumstances, the vesting of title in the United States pursuant to the forfeiture statute means that the government is in privity with Nyamekye Holding for purposes of a subsequent state court action.  And Petermark has certainly not carried its burden to show that the Court overlooked controlling authority in reaching its original conclusion or that the exceptional circumstances required to obtain relief under Rule 60(b) are present here.

Petermark's remaining arguments fail because they merely rehash assertions that Petermark already raised—and that the Court already rejected.  *Compare, e.g.*, Doc. 828 at 2 (Petermark arguing in a supplemental submission prior to the Court's ruling that "[t]he Government cannot obtain greater title to the Fulton Street Property than Nyamekye had in the first instance"), *with* Doc. 834-2 at 6 (Petermark arguing in its motion for reconsideration that "the Government's rights in the premises cannot exceed the rights of Nyamekye Holding in the Fulton Street Premises").  The Court explained in denying Petermark's motion for summary judgment that the government is not in privity with Nyamekye Holding because their interests are not identical:  "the Government has clearly stated that they are 'not simply motivated to return the property to Nyamekye' and instead also want to develop evidence for related forfeiture proceedings, among other interests."  *Meiri*, 2021 WL 5494771, at *4 (quoting Doc. 827 at 2).  Again, Petermark has not identified any "controlling authority or data that the court overlooked" in reaching that conclusion, and a motion for reconsideration is not "a vehicle for relitigating issues already decided by the court."  *Perez-Victorio v. City of New York*, No. 19 Civ. 421 (CM),

---

[2] In its opposition brief, the government highlights the oddity of Petermark's position:  "If the Government were deemed a successor to Nyamekye's interests as of August 2014, any actions that Nyamekye Holding took after that succession occurred—including filing a quiet title action in Kings County Supreme Court in June 2015—could have no preclusive effect on the Government."  Doc. 839 at 4 n.1.

2022 WL 1306569, at *1 (S.D.N.Y. May 2, 2022).  Petermark's renewed arguments do not warrant reconsideration of the Court's decision.

## IV.    CONCLUSION

For the foregoing reasons, Petermark's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 834.

It is SO ORDERED.

Dated:    January 22, 2024
         New York, New York

                                          _____
                                              EDGARDO RAMOS, U.S.D.J.