UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>      –*against*–<br><br>HERZEL MEIRI and AMIR MEIRI,<br><br>                        Defendants. | **ORDER**<br><br>15 Cr. 627 (ER) |

ZION HAMO, JACOB SAMRA, and ORLY
SAMRA,

                  Third-Party Petitioners,

PETERMARK II LLC and ADVILL CAPITAL
LLC,

                  Third-Party Petitioners,

RAMOS, D.J.:

        Two groups of third-party petitioners filed petitions for an ancillary hearing to adjudicate their interests in certain forfeited property.  Docs. 439, 445.  The United States moved to dismiss the portions of those petitions that concern accounts used by the criminal defendants to deposit proceeds from their scheme.  Doc. 545.  For the reasons set forth below, the motion to dismiss is GRANTED.

**I.      BACKGROUND**

        The Court assumes familiarity with the nature of the underlying criminal enterprise, which has been discussed in several other opinions.  *See United States v. Meiri*, No. 15 Cr. 627 (ER), 2024 WL 342491 (S.D.N.Y. Jan. 30, 2024); *United States v. Meiri*, No. 15 Cr. 627 (ER), 2024 WL 231458 (S.D.N.Y. Jan. 22, 2024); *United States v.*

*Meiri*, No. 15 Cr. 627 (ER), 2021 WL 5494771 (S.D.N.Y. Nov. 23, 2021).  As relevant here, the Court entered preliminary orders of forfeiture against defendants Amir Meiri and Herzel Meiri on April 16, 2018.  Docs. 292, 293.  The Meiris both agreed to forfeit all right, title, and interest in several real properties.  Doc. 292 at 2–7; Doc. 293 at 2–8.  They also agreed to forfeit all right, title, and interest in the following (collectively, "the subject accounts"):

- Any and all funds on deposit in TD Bank Account Number 430-9639437, held in the name of Launch Development Corporation;
- Any and all funds on deposit in TD Bank Account Number 426-031570, held in the name of Launch Development LLC;
- Any and all funds on deposit in TD Bank Account Number 427-7344126, held in the name of Homeowner Assistance Services of NY Inc.;
- Any and all funds on deposit in TD Bank Account Number 431-315456, held in the name of HAR Property Management LLC;
- $442,345.85 held in escrow by Joseph DeGaetano, Esq.

Doc. 292 at 8; Doc. 293 at 8.  The Meiris used the subject accounts to deposit proceeds from the short sales of real property obtained through the criminal scheme.  Doc. 546 at 5.

On October 17, 2018, Petermark II LLC and Advill Capital LLC filed a petition asserting that they are bona fide lenders for value as to the Chauncey Street property listed in the preliminary orders of forfeiture.  Doc. 439 ¶ 24.  They requested an order declaring that the Chauncey Street property remains subject to their mortgage.  *Id.* ¶ 30. And they sought a declaration "that Petermark and Advill are first priority lenders entitled to compensation for the value of the Mortgage from either:  a) the proceeds from the bank accounts seized by the U.S. Government or from b) the proceeds of the U.S. Government sale of the Chauncey Property."  *Id.* (footnote omitted).

On October 25, 2018, Zion Hamo, Jacob Samra, and Orly Samra filed a petition asserting that the Samras had loaned the Meiris and Launch Development LLC $600,000 secured by two Brooklyn properties located on Bushwick Avenue and Willoughby

Avenue.  Doc. 445 ¶ 1.  The Willoughby Avenue property was included in the preliminary orders of forfeiture.  *Id.*  The petition also stated that Hamo had loaned $1 million to the Meiris and that the Samras had loaned an additional $400,000 to the Meiris and Launch Development LLC.  *Id.* ¶¶ 2–3.  And it requested that the Court exclude the Willoughby Avenue property and the subject accounts from the order of forfeiture.  *Id.* at 3–4.

The government moved to dismiss the petitions as to the subject accounts.  Doc. 546 at 1–2.  But the government explained that its motion does not address Petitioners' asserted interests in the real properties located at Chauncey Street and Willoughby Avenue.  *Id.* at 1 nn.1–2.  Neither group of petitioners filed an opposition to the government's motion.

## II.   LEGAL STANDARD

Criminal forfeiture proceedings are governed by 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2.  After a conviction or guilty plea, "the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A).  "If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria."  Fed. R. Crim. P. 32.2(b)(2)(A).  That order is entered "without regard to any third party's interest in the property."  *Id.*

A third party may then assert "a legal interest in property which has been ordered forfeited to the United States" and "petition the court for a hearing to adjudicate the validity of his alleged interest in the property."  21 U.S.C. § 853(n)(2).  The petition must "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought."

*Id.* § 853(n)(3).  A petitioner can demonstrate a valid interest in property subject to forfeiture by showing that one of two conditions applies:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

*Id.* § 853(n)(6).  This provision's reference to "a right, title, or interest in the property" is "the same as § 853(n)(2)'s requirement of 'a legal interest in property,' which is necessary for standing."  *United States v. Ribadeneira*, 105 F.3d 833, 835 (2d Cir. 1997) (per curiam); *see also United States v. Madoff*, No. 09 Cr. 213 (DC), 2012 WL 1142292, at *3 (S.D.N.Y. Apr. 3, 2012) ("A legal interest is required to obtain an ancillary hearing under both § 853(n)(6)(A) and (B).").

A motion to dismiss a criminal forfeiture petition "is analyzed like the familiar motion to dismiss a civil complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *United States v. Egan*, No. 10 Cr. 191 (JFK), 2015 WL 4772688, at *2 (S.D.N.Y. Aug. 13, 2015); *see also Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004) (explaining that "a motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)").  "Therefore, the facts set forth in the petition are assumed true, and a motion to dismiss the petition is only granted if the petition fails to include sufficient facts to state a claim to relief that is plausible on its face."  *Egan*, 2015 WL 4772688, at *2 (internal quotation marks and citation omitted).

4

III.    DISCUSSION

The government contends that both petitions should be dismissed as to the subject accounts because they fail to assert a specific legal interest in the accounts, as required by § 853(n)(2) and (3).  Doc. 546 at 11.  Without any supporting factual allegations, the government argues, "Petitioners simply do not 'state a claim to relief that is plausible on its face,' as required to survive a motion to dismiss." *Id.* at 12 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The government further asserts that Petitioners cannot prevail under either prong of § 853(n)(6) because the government's interest in the fraud proceeds is superior to that of any third-party claimant and because Petitioners are not bona fide purchasers for value of the subject accounts. *Id.* at 12–13.

The Court agrees.  As another court in this District has explained, "[t]he Second Circuit . . . denies standing to general creditors under § 853(n)(6)." *Madoff*, 2012 WL 1142292, at *4.  For a legal interest to be sufficient pursuant to § 853(n)(6), it must be "in a particular, specific asset, as opposed to a general interest in an entire forfeited estate or account." *Id.* (quoting *Ribadeneira*, 105 F.3d at 836).  Where a party has "no specific interest in property greater than that of a general creditor," that party "cannot claim standing to petition to modify an Order of Forfeiture by virtue of either § 853(n)(6)(A) or (B)." *Ribadeneira*, 105 F.3d at 837.

In this case, Petitioners do not provide any factual basis to suggest that they have a valid interest in the subject accounts under § 853.  There are no allegations from which the Court could plausibly infer that Petitioners have any specific legal interest in the accounts or the companies that controlled the accounts.  Nor have Petitioners offered any allegations to demonstrate that they could satisfy the requirements of either § 853(n)(6)(A) or (B).  At best, Petitioners have asserted that they are general creditors who loaned money to the Meiris and Launch Development—but they do not allege that the loans are secured by the subject accounts, and being an unsecured general creditor is insufficient to confer standing under the criminal forfeiture statute. *See Ribadeneira*, 105

F.3d at 836–37; *Madoff*, 2012 WL 1142292, at *4–5.  Accordingly, given the paucity of their factual allegations, the petitions fail to state a claim to relief that is plausible on its face.

## IV.   CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 545.

It is SO ORDERED.

Dated:   February 2, 2024
         New York, New York

_____
         EDGARDO RAMOS, U.S.D.J.