| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | CASE NO.: 15-cr-00627 (ER) |
| UNITED STATES OF AMERICA | **ORDER** |
| - v. - | |
| AMIR MEIRI, | |
| Defendant. | |
| EVANGELINE TROXLER, | |
| Petitioner | |
| US BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1, | |
| Petitioner. | |

EDGARDO RAMOS, District Judge:

      WHEREAS, on or about November 1, 2016, AMIR MEIRI (the "defendant"), among others, was charged in four counts of a five-count Superseding Indictment, S4 15 Cr. 627 (ER) (the "Indictment"), with conspiracy to commit wire fraud and bank fraud in connection with the conduct of telemarketing, in violation of Title 18, United States Code, Section 1349 (Count One); money laundering conspiracy, in violation of Title 18, United State Code, Section 1956(h) (Count Two); money laundering, in violation of Title 18, United States Code, Sections 1957 (a) and 2 (Count Three); and money laundering, in violation of Title 18, United States Code, Sections 1956 (a) (1) (B) (i) and 2 (Count Four) (D. E. 159);

WHEREAS, the Indictment included a forfeiture allegation as to Count One, among other forfeiture allegations, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981 (a) (1) (C) and Title 28, United States Code, Section 2461, of any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment;

WHEREAS, on or about May 9, 2016, the United States filed a Bill of Particulars identifying certain properties subject to forfeiture as property that constitutes or is derived from proceeds traceable to the commission of the offense charged in the Indictment, among them the following property listed as item ten (10) therein:

> a. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 11 Cooper Street, Brooklyn, New York 11207 (the "Subject Property") (D.E. 117);

WHEREAS, on or about April 10, 2018, the defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit, pursuant to Title 18, United States Code, Section 981(a) (1) (C) and Title 28, United States Code, Section 2461, all right, title and interest of the defendant in, among other things, the Subject Property;

WHEREAS, on or about April 16, 2018, the Court entered a Consent Preliminary Order of Forfeiture as to Subject Property ("Preliminary Forfeiture Order"), which in relevant part, ordered the forfeiture to the United States of all of Defendant's right, title and interest in the Subject Property, listed as item thirteen (13) therein, as property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment (D.E. 292);

WHEREAS, the provisions of Title 21, United States Code, Section 853 (n) (1), Rule 32.2 (b) (6) of the Federal Rules of Criminal Procedure, and Rules G(4) (a) (iv) (C) and G(5) (a) (ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the intent of the United States to dispose of the Subject Property before the United States can have clear title to the Subject Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Subject Property was posted on an official government internet site (www.forfeiture.gov) beginning on May 3, 2018 for thirty (30) consecutive days, through June 1, 2018, pursuant to Rule G(4) (a) (iv) (C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on May 30, 2019 (D.E. 574);

WHEREAS, pursuant to Title 21, United States Code, Section 853(n) (2) the deadline to file a petition with the Court asserting a legal interest in the Subject Property expired on March 4, 2019;

WHEREAS, on or about July 2, 2018, Evangeline Troxler ("Troxler") filed a verified petition with this Court claiming an ownership interest in the Subject Property (the "Troxler Petition") (D.E. 363);

WHEREAS, on or about September 26, 2018, notice of the Preliminary Forfeiture Order was sent by certified mail, return receipt requested to, inter alia, US Bank National Association;

WHEREAS, on or about November 21, 2018, US Bank National Association, as Trustee, Successor in Interest to National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-1 ("US Bank") filed a verified petition with this Court claiming an interest in the Subject Property (the "US Bank Petition"), pursuant to a mortgage executed by

borrowers Evangeline Troxler and Michael Troxler on September 15, 2006, in the amount of $544,000.00, and recorded in the Office of the City Register for the City of New York on October 13, 2006, in CRFN 2006000572923 (the "Mortgage"), which was assigned to US Bank thereafter. (D.E. 489, Exs. C-E);

WHEREAS, no claims to the Subject Property, other than the Troxler Petition and the US Bank Petition, were filed with this Court;

WHEREAS, the United States Attorney's Office for the Southern District of New York, Troxler, and US Bank agreed, in order to avoid litigation, to resolve their claims to the Subject Property and on the terms and conditions set forth in the Stipulation and Order (the "Stipulation and Order") (D.E. 649), including in pertinent part, but without limitation:

1. Troxler and US Bank withdrew their Petitions as to the Subject Property.

2. The Government submitted a Petition for Remission for the Subject Property (the "Petition for Remission"), to the Money Laundering and Asset Recovery Section ("MLARS") of the United States Department of Justice, and MLARS approved the Petition for Remission.

3. That upon the entry of a Final Order of Forfeiture as to the Subject Property, the Government would convey legal title of the Subject Property to Troxler, subject to the US Bank Mortgage, which remains a valid first lien against the Subject Property.

4. That Troxler and US Bank would be barred from asserting any claim against the United States Attorney's Office for the Southern District of New York ("USAO-SDNY"), Department of Justice ("DOJ"), the Federal Bureau of Investigations ("FBI"), the United States Marshals Service ("USMS"), or agents

and employees of the USAO-SDNY, the DOJ, the FBI and the USMS in connection with the seizure and/or possession of the Subject Property, including but not limited to any claim that there was no probable cause to seize and hold the Subject Property, or for costs or attorney's fees.

6. The parties waived all rights to challenge or contest the validity of this Stipulation and Order.

(D.E. 649).

WHEREAS, the Honorable Edgardo Ramos, United States District Judge for the Southern District of New York, so-ordered the Stipulation and Order on November 7, 2019. (D.E. 649).

WHEREAS, on December 6, 2019, District Judge Ramos entered a Final Order of Forfeiture for the Subject Property (the "Final Order"): explicitly referencing the parties agreements set forth in the so-ordered Stipulation and Order; conveying ownership of the Subject Property to the United States of America with clear title, in accordance with the terms of the so-ordered Stipulation and Order; and, directing the United States Marshals Service (or its designee) to take possession of the Subject Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h). (ECF No. 664).

WHEREAS, By Quitclaim Deed dated June 21, 2021 and recorded July 7, 2021, the United States Marshals Service, deeded "all right, title, and interest" in the Subject Property to Troxler (the "Quitclaim Deed"), but failed to include any provision or statement in the Quitclaim Deed setting forth that such legal title in the Subject Property was conveyed "To Troxler subject to subject to the US Bank Mortgage, which remains a valid first lien against the Subject Property," as was expressly agreed upon by the Parties and order by this Court in the so-ordered Stipulation and Order. (ECF No. 649).

WHEREAS, Petitioner US Bank, having moved this Court by letter motion, dated August 28, 2024, for an Order:

1. compelling the United States of America and the United States Marshals Service (or its designee) to record a corrective deed to Troxler that expressly transfers its ownership interest in the Subject Property subject to U.S. Bank's valid, subsisting, first-position Mortgage;

2. declaring that US Bank's Mortgage is reinstated, *nunc pro tunc*, to June 16, 2021, the date of the Quitclaim Deed;

3. declaring that the Quitclaim Deed to Troxler and Troxler's ownership interest in the Subject Property is subject to U.S. Bank's valid, subsisting, first-position Mortgage;

4. directing that, upon entry of the Order, the same shall be recorded in the public record by filing the same with City Register of the City of New York and that, upon presentation of a copy the Order, the City Register is directed to mark the records to reflect and indicate that the Mortgage is restored and reinstated as a valid and subsisting mortgage on the Subject Property, *nunc pro tunc*, to June 16, 2021, the date of the Quitclaim Deed; and

5. for such other and further relief that the Court deems just and proper;

WHEREAS, US Bank's letter motion having come to be heard and no other party having submitted meritorious opposition thereto, and upon submission and due deliberation having been had thereon.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The United States of America and the United States Marshals Service (or its designee)

are hereby ordered and directed to record a corrective deed to Troxler, amending and correcting the Quitclaim Deed dated June 21, 2021 and recorded July 7, 2021, and that the corrective deed shall expressly transfer its ownership interest in the Subject Property subject to U.S. Bank's valid, subsisting, first-position Mortgage, dated September 15, 2006 and recorded in the Office of the City Register for the City of New York on October 13, 2006, in CRFN 2006000572923;

2. US Bank's Mortgage is hereby declared and deemed reinstated, *nunc pro tunc*, to June 16, 2021, the date of the Quitclaim Deed from the United States Marshals Service to Troxler;

3. The Quitclaim Deed dated June 16, 2021 and recorded against the Subject Property on July 7, 2021 with the Office of the City Register for the City of New York in CRFN 2021000256216, and Troxler's ownership interest in the Subject Property, are hereby declared and deemed to be subject to U.S. Bank's valid, subsisting, first-position Mortgage dated September 15, 2006 and recorded in the Office of the City Register for the City of New York on October 13, 2006, in CRFN 2006000572923; and

4. That upon entry of this Order, the petitioner US Bank may record a copy of this Order in the public record by filing the same with Office of the City Register of the City of New York and that, upon presentation of a copy of the Order, the City Register is directed to mark its records to reflect and indicate that the Mortgage dated September 15, 2006 and recorded against the Subject Property in the Office of the City Register for the City of New York on October 13, 2006, in CRFN 2006000572923, is hereby declared restored and reinstated as a valid and subsisting mortgage on the Subject Property, *nunc pro tunc*, to June 16, 2021, the date of the Quitclaim Deed from the United States Marshals Service to Troxler.

This constitutes the Decision and Order of the Court.

Dated: New York, New York

September 26, 2024

SO ORDERED:

_____
EDGARDO RAMOS, U.S.D.J.