UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

        - v. -

AMIR MEIRI,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PETERMARK II LLC, ADVILL CAPITAL
LLC, VINCENT HOLMES, SAMUEL
NYAMEKYE, AND NYAMEKYE HOLDING
CORP.,

                 Petitioners.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AMENDED FINAL ORDER OF
FORFEITURE AS TO SPECIFIC
PROPERTY**

1:15 Cr-00627 (ER-7)

       WHEREAS, on or about November 1, 2016, AMIR MEIRI (the "Defendant"), among others, was charged with four counts of a five-count Superseding Indictment, S4 15 Cr. 627 (ER) (the "Indictment"), with conspiracy to commit wire fraud and bank fraud in connection with the conduct of telemarketing, in violation of Title 18, United States Code, Section 1349 (Count One); money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count Two); money laundering, in violation of Title 18, United States Code, Sections 1957(a) and 2 (Count Three); and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2 (Count Four) (D.E. 159);

       WHEREAS, the Indictment included a forfeiture allegation as to Count One, among other forfeiture allegations, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all

property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment;

WHEREAS, on or about May 9, 2016, the Government filed a Forfeiture Bill of Particulars (D.E. 217) identifying certain properties subject to forfeiture as property that constitutes or is derived from proceeds traceable to the commission of the offenses charged in the Indictment, including the following properties:

     a.     All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 644 Chauncey Street, Brooklyn, NY 11207 ("Chauncey Street Property"); and

     b.     All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 2146-2148 Fulton Street, Brooklyn, NY 11233 (the "Fulton Street Property")

(a. and b., together, the "Subject Properties");

WHEREAS, on or about April 10, 2018, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment, and agreed to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all right, title and interest of the Defendant in, *inter alia*, the Subject Properties as constituting proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about April 16, 2018, the Court entered a Preliminary Order of Forfeiture as to Specific Property ("Preliminary Forfeiture Order"), forfeiting to the Government, *inter alia*, all of the Defendant's right, title and interest in the Subject Properties as property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment (D.E. 293);

2

WHEREAS, the provisions of Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the intent of the United States to dispose of the Subject Properties before the United States can have clear title to the Subject Properties;

WHEREAS, on or about July 2, 2018, Vincent Holmes ("Mr. Holmes") filed a verified petition with this Court claiming an ownership interest in the Chauncey Street Property (the "Holmes Petition") (D.E. 367);

WHEREAS, on or about October 17, 2018, petitioners Petermark II LLC ("Petermark") and Advill Capital LLC ("Advill"), through counsel, filed their Petition and Request for Ancillary Hearing and Related Relief asserting an interest in the Chauncey Street Property (the "Petermark and Advill Petition") (D.E. 439);

WHEREAS, on or about October 18, 2018, petitioner Petermark II LLC ("Petermark") through counsel, filed their Petition and Request for Ancillary Hearing and Related Relief asserting an interest in the Fulton Street Property (the "Petermark Petition") (D.E. 440);

WHEREAS, on or about November 26, 2018, Samuel Nyamekye and Nyamekye Holding Corporation (collectively, the "Nyamekyes") filed a verified petition with this Court claiming an ownership interest in the Fulton Street Properties (the "Nyamekye Petition") (D.E. 496);

WHEREAS, on or about October 12, 2022, the City of New York, on behalf of its agencies and related entities (collectively, the "City") filed a verified petition with this Court claiming an interest in the Subject Properties (the "NYC Petition") (D.E. 887);

3

WHEREAS, following a hearing, an Opinion & Order was entered by the Court on October 17, 2024 (i) denying the Petermark Petition as the Court determined Petermark and Advill were not bona fide purchasers as to the Government's claim, pursuant to 21 U.S.C. 853(n)(6) and (ii) granting the Nyamekye Petition and Holmes' Petition as the Court found that Holmes and Nyamekyes' respective interests in the Subject Properties were superior to the Government's interests (D.E. 994);

WHEREAS, on or about May 21, 2025, the Court entered a Stipulation and Order resolving the City's interest in the Fulton Street Property (D.E. 1024);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      Pursuant to Title 18, United States Code, Section 853(n)(6)(A), Vincent Holmes' interest in the Chauncey Street Property was superior to the Defendant at the time of the commission of the offenses charged in Count One of the Indictment and therefore Holmes' interest is superior to that of the Government.

2.      The Government shall take no further action to forfeit the Chauncey Street Property.

3.      Pursuant to Title 18, United States Code, Section 853(n)(6)(A), Samuel Nyamekye and Nyamekye Holding Corporation interest in the Fulton Street Property is superior to the Defendant at the time of the commission of the offenses charged in Count One of the Indictment and therefore superior to that of the Government.

4.      The Government shall take no further action to forfeit the Fulton Street Property.

4

5.      Pursuant to Title 18, United States Code, Section 853(n)(6)(B), Petermark and Advill are not bona fide purchasers for value without reason to know the Subject Properties were subject to forfeiture by the Government.

6.      Upon entry of this Amended Preliminary Order of Forfeiture as to Specific Property, the Government shall execute any documents necessary to disclaim its interest in the Chauncey Street Property.

7.      Upon entry of this Amended Preliminary Order of Forfeiture as to Specific Property, the Government shall execute any documents necessary to disclaim its interest in the Fulton Street Property.

SO ORDERED:

_____

HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

September 5, 2025

_____

DATE

5