UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :
UNITED STATES OF AMERICA
                                      :    STIPULATION AND ORDER
        - v. -
                                      :    S4 15 Cr. 627 (ER)
AMIR MEIRI,
                                      :
            Defendant.
                                      :
------------------------------------- x
                                      :
VINCENT HOLMES,
                                      :
            Petitioner.
                                      :
------------------------------------- x
                                      :
THE CITY OF NEW YORK, and on behalf of its
agencies and related entities,        :
                                      
            Petitioner.               :
------------------------------------- x

EDGARDO RAMOS, District Judge:

WHEREAS, on or about November 1, 2016, AMIR MEIRI (the "Defendant"), among others, was charged with four counts of a five-count Superseding Indictment, S4 15 Cr. 627 (ER) (the "Indictment"), with conspiracy to commit wire fraud and bank fraud in connection with the conduct of telemarketing, in violation of Title 18, United States Code, Section 1349 (Count One); money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count Two); money laundering, in violation of Title 18, United States Code, Sections 1957(a) and 2 (Count Three); and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2 (Count Four) (D.E. 159);

WHEREAS, the Indictment included a forfeiture allegation as to Count One, among other forfeiture allegations, seeking forfeiture to the United States, pursuant to Title 18, United

States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment;

WHEREAS, on or about May 9, 2016, the United States filed a Bill of Particulars identifying certain properties subject to forfeiture as property that constitutes or is derived from proceeds traceable to the commission of the offense charged in the Indictment, among them the following property listed as item twenty-one (21) therein:

a.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 644 Chauncey Street, Brooklyn, NY 11207,

(the "Chauncey Street Property") (D.E. 117);

WHEREAS, on or about April 10, 2018, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment, and agreed to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all right, title and interest of the Defendant in certain specific properties as constituting proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about April 16, 2018, the Court entered a Preliminary Order of Forfeiture as to Specific Property ("Preliminary Forfeiture Order"), which in relevant part, ordered the forfeiture to the United States of all of the Defendant's rights, title and interest in the Chauncey Street Property, listed as item sixteen (16) therein, as property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment (D.E. 292, 293);

WHEREAS, the provisions of Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the intent of the United States to dispose of the Chauncey Street Property before the United States can have clear title to the Chauncey Street Property;

WHEREAS, on or about July 2, 2018, Vincent Holmes ("Mr. Holmes") filed a verified petition with this Court claiming an ownership interest in the Chauncey Street Property (the "Holmes Petition") (D.E. 367);

WHEREAS, on or about October 12, 2022, the City of New York, on behalf of its agencies and related entities (collectively, the "City"), filed a verified petition with this Court claiming an interest in the Chauncey Street Property (the "City of New York Petition") (D.E. 887);

WHEREAS, in an Opinion & Order filed October 17, 2024, the Court granted the Holmes Petition and directed the parties to meet, confer, and submit a proposed final order of forfeiture for the Chauncey Street Property; (D.E. 994);

WHEREAS, in an Order filed on October 18, 2024, the Court directed the parties to include the City in their meet-and-confer discussions in an effort to resolve the City of New York Petition as to the Chauncey Street Property;

WHEREAS, Mr. Holmes and the City have agreed, in order to avoid litigation, to resolve the City's asserted interests in the Chauncey Street Property on the terms and conditions set below;

IT IS HEREBY STIPULATED AND AGREED, by and between Mr. Holmes, and his counsel, Brooklyn Legal Services, and the City, by its attorney Muriel Goode-Trufant,

Corporation Counsel of the City of New York, Senior Counsel Joy Anakhu, Esq. (collectively, the "Parties") that:

1.　The City hereby withdraws the City of New York Petition as to the Chauncey Street Property.

2.　The Parties hereby agree that upon entry of this Stipulation and Order, entry of a Final Order of Forfeiture as to the Chauncey Street Property, the City's interests, including outstanding taxes owed to the New York City Department of Finance, and outstanding water/sewer charges owed to the New York City Department of Environmental Protection remain valid and binding interests against the Chauncey Street Property.

3.　The Parties hereby agree that open violations - including but not limited to sidewalk, housing, and environmental ("City Violations") - remain valid and binding interests against the Chauncey Street Property until such City Violations are cured and/or corrected.

4.　The Parties hereby agree that New York City Environmental Control Board judgments will remain the sole responsibility of the debtor(s) listed in said judgment.

5.　The Parties hereby agree that New York City Orders to Correct and/or Vacate Orders remain valid and binding interests against the Chauncey Street Property until such orders are cured and/or corrected.

6.　This Stipulation and Order shall in no way be deemed an admission of culpability, liability, or guilt on behalf of Mr. Holmes or the City, or any of their respective agents, contractors, officers, or employees, past and present. Nor shall it represent an admission of a sum certain with respect to any outstanding violation.

7.　The Parties shall bear their own costs and attorney's fees.

8.    This Stipulation and Order constitutes the complete agreement of the Parties, is binding on the Parties' successors and/or assigns, and may not be amended without express written authorization from all Parties.

9.    The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Fax copies shall be treated as originals.

10.    This Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

**AGREED AND CONSENTED TO:**

VINCENT HOLMES
Petitioner

By:    _VINCENT HOLMES_                    12/12/25
       VINCENT HOLMES                         DATE


BROOKLYN LEGAL SERVICES
Neighborhood Economic Justice Unit
*Attorneys for Vincent Holmes*
105 Court Street, 4th Floor
Brooklyn, NY 11201
Tel: (718) 233-6415

By:    _____            12/22/25
       Rachel Geballe, Esq.                  DATED
       Jennifer Eisenberg, Esq.
       Ricky He, Esq.


**[SIGNATURES CONTINUE ON THE NEXT PAGE]**

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York

By: _____          12/30/25
JOY ANAKHU                                      DATE
Senior Counsel
100 Church Street, Room 3-118
New York, NY 10007
*Attorney for Petitioner City of New York*

SO ORDERED:

_____              January 2, 2026
HONORABLE EDGARDO RAMOS                         DATE
UNITED STATES DISTRICT JUDGE                    New York, New York