UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

                                                                      :

UNITED STATES OF AMERICA

                                               :      SECOND AMENDED FINAL

         - v. -                        ORDER OF FORFEITURE AS TO

                                             :      SPECIFIC PROPERTY

AMIR MEIRI,

                                           :      S4 15 Cr. 627 (ER)

                 Defendant.

                                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

                                           :

PETERMARK II LLC, ADVILL CAPITAL
LLC, VINCENT HOLMES, SAMUEL         :
NYAMEKYE, AND NYAMEKYE HOLDING
CORP.,                                       :

                 Petitioners.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

WHEREAS, on or about November 1, 2016, AMIR MEIRI (the "Defendant"), among others, was charged with four counts of a five-count Superseding Indictment, S4 15 Cr. 627 (ER) (the "Indictment"), with conspiracy to commit wire fraud and bank fraud in connection with the conduct of telemarketing, in violation of Title 18, United States Code, Section 1349 (Count One); money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count Two); money laundering, in violation of Title 18, United States Code, Sections 1957(a) and 2 (Count Three); and money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2 (Count Four) (ECF Doc. 159);

WHEREAS, the Indictment included a forfeiture allegation as to Count One, among other forfeiture allegations, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all

property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment;

WHEREAS, on or about April 10, 2018, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment, and agreed to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all right, title and interest of the Defendant in, *inter alia*, the following property as constituting proceeds traceable to the commission of  the offense charged in Count One of the Indictment:

    a.  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 644 Chauncey Street, Brooklyn

(the "Subject Property");

WHEREAS, on or about April 16, 2018, the Court entered a Preliminary Order of Forfeiture as to Specific Property ("Preliminary Forfeiture Order"), forfeiting to the Government, *inter alia*, all of the Defendant's right, title and interest in the Subject Property as property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment (ECF Doc. 292);

WHEREAS, the provisions of Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the intent of the United States to dispose of the Subject Property before the United States can have clear title to the Subject Property;

WHEREAS, on or about July 2, 2018, Vincent Holmes ("Mr. Holmes") filed a verified petition with this Court claiming an ownership interest in the Subject Property (the "Holmes Petition") (ECF Doc. 367);

WHEREAS, on or about October 17, 2018, petitioners Petermark II LLC ("Petermark") and Advill Capital LLC ("Advill"), through counsel, filed their Petition and Request for Ancillary Hearing and Related Relief asserting an interest in the Subject Property (the "Petermark Petition") (ECF Doc. 439);

WHEREAS, on or about October 12, 2022, the City of New York, on behalf of its agencies and related entities (collectively, the "City") filed a verified petition with this Court claiming an interest in the Subject Property (the "NYC Petition") (ECF Doc. 887);

WHEREAS, following a hearing, an Opinion & Order was entered by the Court on October 17, 2024 (i) denying the Petermark Petition, as the Court determined Petermark and Advill were not bona fide purchasers pursuant to 21 U.S.C. 853(n)(6), and (ii) granting the Holmes Petition, as the Court found that title to the Subject Property was vested in Mr. and Mrs. Holmes at the time of the fraudulent acts that gave rise to the forfeiture (ECF Doc. 994);

WHEREAS, the Court held in its Opinion & Order that, title having been vested in the Holmeses when the fraudulent acts occurred, the preliminary order of forfeiture must be amended pursuant to 21 U.S.C. § 853(n)(6)(A) to reflect their sole and exclusive ownership of the Subject Property;

WHEREAS the Court's Opinion & Order clarifies that neither the Meiri defendants, their defunct business entities, nor Petermark and Advill hold any interest in or title to the Subject Property;

WHEREAS, on or about September 5, 2025, the Court entered an Amended Final Order of Forfeiture as to Specific Property as to, among other things, the Subject Property (ECF Doc. 1029).

WHEREAS, on or about January 2, 2026, the Court entered a Stipulation and Order resolving the City's interest in the Subject Property (ECF Doc. 1034); and

WHEREAS, the Subject Property's legal description is:

> All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 644 Chauncey Street, Brooklyn, NY 11207, Block 3450, Lot 21, in the records of County of Kings, City and State of New York, and in the full legal description attached hereto as Exhibit 'A'

(the "Specific Property").

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to Title 18, United States Code, Section 853(n)(6)(A), Vincent Holmes' interest in the Specific Property was vested at the time of the commission of the offenses charged in Count One of the Indictment, and therefore Mr. Holmes' interest is superior to the Government, Petermark and Advill.

2. The Defendant and Launch Development LLC, a corporate entity controlled by the Defendant, have no interest in the property as all right, title and interest in and to the Specific Property is vested in Mr. Holmes.

3. Pursuant to Title 18, United States Code, Section 853(n)(6)(B), Petermark and Advill are not bona fide purchasers for value without reason to know the Specific Property was subject to forfeiture.

4.      Upon entry of this Second Amended Final Order of Forfeiture as to Specific Property, title to 644 Chauncey Street, Brooklyn, NY 11207 resides solely in Vincent Holmes and his assigns.


SO ORDERED:


_____                    1/15/2026
HONORABLE EDGARDO RAMOS                            DATE
UNITED STATES DISTRICT JUDGE